PIONEER CREDIT CORPORATION *v.* HARRY RADDING

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued December 7—decided December 19, 1961

*David M. Shea,* for the appellant (defendant).

*Paul W. Orth,* with whom were *Frank Hurlbutt,* of the New York bar, and, on the brief, *George W. Hurlbutt,* for the appellee (plaintiff).

KING, J. The plaintiff was a Massachusetts corporation organized to conduct a finance and loan business. Leo G. DuBois, of Torrington, Connecticut, went to the plaintiff's office and principal place of business, in Great Barrington, Massachusetts, and applied for a loan of $2500. The plaintiff indicated it would grant the loan if DuBois provided either suitable collateral or a responsible cosigner. DuBois proposed, as a cosigner, the defendant, a resident of Manchester, Connecticut. An employee of the plaintiff then talked to the defendant by telephone and explained the terms of the note to him, including the interest rate and his obligations if he decided, as he did, to become a cosigner. Although notes securing loans made by the plaintiff normally are signed in its office, the defendant asked that, as a matter of convenience to him, he be allowed to sign the note in Connecticut, and the plaintiff acquiesced. A proper note was made out. This was signed by both DuBois and the defendant in Hartford, Connecticut, on March 15, 1957. DuBois then took the note to Great Barrington, delivered it to the plaintiff and received the full amount of $2500, partly in the form of a check payable to him and the balance in checks payable to parties designated by him. DuBois failed to pay the note in full, and this action was brought to recover from the defendant the balance due, with interest at the stipulated rate of about 18 percent per annum.

Since the loan was in excess of $600, our so-called small loans legislation (General Statutes §§ 36-225 —36-243) in no event could be applicable. §§ 36-225,

36-233, 36-243. And because the interest rate exceeded 12 percent per annum, the loan was usurious under the law of Connecticut. § 37-4. The note was, by its terms, payable in Massachusetts and admittedly is a legal obligation under Massachusetts law. Mass. Ann. Laws, c. 107, § 3 (1954) ; id., c. 140, §§ 78, 90, 92, 96, 100 (1957).

In *Santoro* v. *Osman,* 149 Conn. 9, 11, 174 A.2d 800, we held that the validity of a note executed and made payable in another state, as far as usury is concerned, is to be determined by the law of that state. In but one material respect does the note here differ from that in *Santoro* v. *Osman,* supra, and that is that the note here was signed in Connecticut. This was a pure matter of convenience to the defendant and there is no evidence of bad faith or intent to circumvent the law of Connecticut. If the note was a negotiable instrument, it did not, and could not, become effective as between the parties until its delivery to the plaintiff, which took place, as contemplated, at the plaintiff's office in Massachusetts. General Statutes §§ 39-16, 39-17 (repealed, Public Acts 1959, No. 133, § 10-102). If certain provisions in the note were held to destroy its negotiability under §§ 39-2 and 39-6 (repealed, Public Acts 1959, No. 133, § 10-102; see General Statutes §§ 42a-3-104, 42a-3-105, 42a-3-112), its delivery, even as a nonnegotiable note, and the advancement of the money loaned were contemporaneous acts. Neither would take place without the other. Both were intended to, and did, take place in Massachusetts. Thus, it is immaterial whether the note was, or was not, a negotiable instrument. In either case, it first became effective on delivery, and the place of contracting or execution is where the delivery was made. *Tilden* v. *Blair,* 88 U.S. (21 Wall.) 241, 246, 22 L. Ed. 632;

Restatement, Conflict of Laws § 312, comment a. "In the ascertainment of usury, the place of delivery is of course the controlling consideration where there is a question as to what jurisdiction is the place of execution of an instrument." 11 Am. Jur. 461, § 156. This is true even though, as here, the actual signing took place in Connecticut. Id., 387, § 101. Even if DuBois is regarded as the agent of the defendant, the accommodation maker, to deliver the instrument to the plaintiff, so that it would grant DuBois the loan, the delivery would not be where the defendant, after signing, relinquished the note to DuBois but where DuBois, pursuant to the defendant's understanding, delivered the note, which was to the plaintiff in Great Barrington. Restatement, op. cit. §§ 315, 320.

Since the note was not illegal under the laws of Massachusetts, where it was executed and made payable, it is enforceable in Connecticut. *Santoro* v. *Osman,* supra.

There is no error.

In this opinion the other judges concurred.