JOHN P. PERAGALLO ET AL. *v.* PETER J. SKLAT ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1368

Argued April 21—decided September 30, 1983

*John H. Burns,* for the appellants (defendants).

*David B. Losee,* for the appellees (plaintiffs).

CIOFFI, J. The issue in this case is whether the usury laws of Connecticut or those of Vermont apply to two promissory notes executed in Vermont and made payable in Connecticut. If Connecticut law applies, the notes are not enforceable. If Vermont law applies, the notes are enforceable.

The relevant facts are as follows: The plaintiffs and the defendants were residents of the state of Connecticut. The plaintiffs, however, were engaged in the business of buying and selling real estate and building homes in the state of Vermont.

On October 10, 1975, the defendant traveled to Vermont and bought from the plaintiffs a building lot for a seasonal home located in Vermont. While in the state of Vermont, the defendants executed and delivered to the plaintiffs two promissory notes in the respective amounts of $3500 and $2500. Although each promissory note was entitled "mortgage note" and was clearly executed for the purpose of partially financing the purchase of the Vermont lot, no mortgage deed was in fact executed. Both notes called for interest at the rate of 10.25 percent payable in advance.[1] The notes provided for payment at "96 Quarry Rd. Glastonbury, Connecticut 06033, or at such other place as the holders hereof may direct in writing." At the time of closing, the defendants paid to the plaintiffs the sums of $538.13 and $384.38, respectively, as prepaid interest on the notes.

When the present suit was instituted, no additional interest or any principal had been paid, nor was the designated place of payment, Glastonbury, Connecticut,

[1] On their face, the notes were not usurious under Connecticut law which prohibits loans at a rate of interest greater than 12 percent. General Statutes § 37-4. Because the notes called for prepaid interest of $538.13 and $384.38, respectively, however, the amounts actually loaned were $2961.87 and $2115.62. Therefore, the effective rate of interest charged was actually 12.11 percent and the prepaid interest exceeded the maximum amount legally chargeable by $5 and $3.57, respectively, or a total of $8.57. See *Wesley* v. *DeFonce Contracting Corporation,* 153 Conn. 400, 405–406, 216 A.2d 811 (1966).

Under Vermont law, on the other hand, while loans calling for interest at greater than 12 percent are generally usurious; Vt. Stat. Ann. tit. 9, § 41 (a); there is an exception provided for "obligations to finance the purchase, construction or improvement of property for seasonal or part-time occupancy and not as a place of legal residence." Vt. Stat. Ann. tit. 9, § 46 (3).

ever changed. Despite the express language in the note providing for payment in Connecticut, the trial court concluded that an inference could be drawn that the notes were payable in Vermont. Accordingly, the court held that the notes were not usurious.

While we agree with the court's ultimate conclusion that Vermont's usury laws apply, we do so for a different reason. The language contained in the notes concerning the place of payment is clear. That is, unless otherwise designated, the notes were payable in Glastonbury, Connecticut. Since there was no evidence that the place of payment was changed, the trial court was in error in concluding inferentially that the notes were payable in Vermont. Where the language of a contract is clear and unambiguous, the contract is to be given effect according to its terms. *Leonard Concrete Pipe Co.* v. *C.W. Blakeslee & Sons, Inc.,* 178 Conn. 594, 599, 424 A.2d 277 (1979).

The issue thus presented is: When a promissory note is executed in one state and made payable in another state, which state's usury laws apply?

In *Santoro* v. *Osman,* 149 Conn. 9, 174 A.2d 800 (1961), our Supreme Court held that when a note is executed and made payable in one state then that state's usury laws apply. In *Pioneer Credit Corporation* v. *Radding,* 149 Conn. 157, 176 A.2d 560 (1961), the court, holding that since a note does not become effective until delivery and an exchange of money the place of delivery was the place of execution. Therefore, since Massachusetts was the place of delivery and of payment, that state's usury laws applied. The court, however, has never addressed the issue of which state's usury law applies when execution takes place in one state and payment is provided for in another.[2]

---

[2] It should be noted that in *Santoro* v. *Osman,* 149 Conn. 9, 174 A.2d 800 (1961), which was decided in 1961, the court stated in passing that, as of that time, the modern liberal rule concerning the validity of a note, as far as usury was concerned, depended upon the law of the place where it was payable.

Section 203 of the Restatement (Second), Conflict of Laws provides that a contract will be upheld against a claim of usury under the following two conditions: "if it provides for a rate of interest that is permissible in a state to which the contract has a substantial relationship and is not greatly in excess of the rate permitted by the general usury law of the state of the otherwise applicable law . . . ." Comment b to that section provides that "[o]rdinarily, the permissible rate of interest will vary only slightly from state to state. Upholding a contract against the charge of usury by the application of the local law of one state, which has a substantial relationship to the transaction and the parties, can hardly affect adversely the interests of another state when the stipulated interest is only a few percentage points higher than would be permitted by the local law of the other state. Under these circumstances, the courts deem it more important to sustain the validity of a contract and thus to protect the expectations of the parties, than to apply the usury law of any particular state." Id.

We adopt the rationale of Restatement § 203 and hold that where there is only a few percentage points difference in the usury laws of the state of Connecticut in relation to the usury laws of another state, and both states have a substantial relationship to the transaction, we will apply the usury laws of that state which gives validity to the contract.

There are several factors to consider in determining whether or not a state has a substantial relationship to a contact. For example, the principal place of business of the lender or the place where the loan was negotiated and made may be deemed sufficient to make the state one of substantial relationship.

In the present case, the loan was negotiated and made in Vermont, the plaintiff's principal place of busi-

ness was in Vermont and the property was located in Vermont. Thus, due to the aggregate of these contacts, we conclude that Vermont has a substantial relationship to the contract.

Moreover, the additional requirement of § 203 of the Restatement requiring an interest rate not greatly in excess of the rate permitted by the general usury statutes of the otherwise applicable state is also satisfied. The interest charged exceeded the maximum legal rate of Connecticut by the sum of $8.57.

Accordingly, we hold that the usury laws of Vermont apply to this transaction and, thus, the interest charged was not usurious.

There is no error.

In this opinion BIELUCH and COVELLO, Js., concurred.