## CHARLOTTE E. ROSE *vs.* DWIGHT L. PHILLIPS.

The law of California makes ten per cent. the rate of interest on notes when no other interest is agreed on, but permits parties to contract in writing for any rate of interest they please. The defendant gave his note in California to a person residing there for fifty dollars, not specifying therein the rate of interest, but with a collateral agreement, whether in writing or not did not appear, to pay thirty-six per cent. He afterwards settled the claim in this state by paying the principal of the note and giving his note for the interest reckoned at thirty-six per cent. The new note was on legal interest. Held, in a suit on the latter note,—1. That it was not tainted with usury, as the original loan was not usurious under the laws of California. 2. That parol evidence was admissible to prove the fact of the agreement to pay the thirty-six per cent. for the purpose of showing the consideration of the new note ; such agreement not being illegal, and the defendant by performing it having waived the objection that might have been made to its enforcement.

ASSUMPSIT, brought originally before a justice of the peace, and by appeal to the superior court for New London county, on a note of the defendant to the plaintiff, for the sum of $28, with interest, executed in this state and payable here. The defendant pleaded the general issue, which was closed to the court, with notice of the following matters of special defence :—1. That the note was usurious and the consideration illegal. 2. That before the commencement of the suit, and after the right of action accrued, the defendant tendered to the plaintiff the sum of $15, which the plaintiff refused to accept. 3. That the note was by mistake made for $28, when it should have been $8.

The case was tried before *Park, J.,* by whom the following facts were found.

On the 29th of March, 1851, at San Francisco, in the state of California, the defendant, then a resident of that state, gave to one Elisha Rose, then also a resident of that state, his promissory note for the sum of $50, for so much money loaned to the defendant by the said Rose, which note was as follows : " San Francisco, March 29, 1851. On demand, for value received, I promise to pay to the order of Elisha Rose, fifty dollars, with annual interest. D. L. PHILLIPS." At the time of loaning the money it was agreed between the parties that

Rose *v.* Phillips.

the defendant should pay interest on the sum loaned at the rate of thirty-six per cent. per year; but it did not appear that the agreement was in writing, nor that it was not. There was no evidence on the subject.* The defendant objected to the admission of the evidence going to show that there was such an agreement, on the ground that it contradicted the note given at the time the agreement was made; but the court admitted it.

Some time in the summer or fall of 1852 the defendant returned to Connecticut, where he had formerly resided, and not long thereafter applied to the father of Rose to procure the note for collection, as he desired to pay it. The father informed Rose of this fact, and the latter, then and still a resident of the state of California, sent the note to his sister, the plaintiff, for collection. The plaintiff informed the defendant that she held the note for that purpose, and the defendant soon after came to the residence of the plaintiff to pay the note. After the note was presented to him, without anything being said in relation to the amount of the interest, or the rate per cent. at which it should be computed, the defendant of his own accord computed the interest at the rate of thirty-six per cent. per year, and found the sum to be the amount of the note now in suit. Thereupon he proposed to the plaintiff that he should pay to her the face of the note, and give his note to her for the interest due, computed as above stated. The plaintiff assented to this, and thereupon the defendant paid the plaintiff the sum of $50, and gave her the note on which the present suit is brought for the interest.

It was admitted that sometime in the year 1864 the defendant tendered the sum of $15 to the plaintiff, which the plaintiff has since received in part satisfaction of the note here in suit.

* The act of 1850 of the state of California, " to regulate the interest of money," and which was in force at the time of the transactions in question, is in part as follows :—" Sec. 1. When there is no express contract in writing fixing a different rate of interest, interest shall be allowed at the rate of ten per cent. per annum for all moneys after they become due on any bond, bill, promissory note, &c." " Sec. 2. Parties may agree in writing for the payment of any rate of interest whatever on money due or to become due on any contract." Wood's Dig. of California Statutes, p. 551.

On these facts the defendant claimed and requested the court to rule that the note given to the plaintiff by the defendant, made, dated and payable here, for an amount of interest (and for interest only) which exceeded the amount of interest due on the California note, at the rate per annum expressed in the same, and the rate allowed by law in this state, was to be governed by the law of this state, and was usurious and void, and that judgment be rendered in favor of the defendant. The court ruled that the note was valid, and that the plaintiff was entitled to recover what was due thereon, computing the interest at the rate of six per cent. per annum, and rendered judgment accordingly.

The defendant moved for a new trial.

*Lucas,* in support of the motion.

1. The note in suit was made and is payable in Connecticut, and must therefore be governed by the laws of this state. The only consideration was the interest which had accumulated on a loan of $50 made to the defendant in California. Is that consideration legal and sufficient? At the time the loan was made a note was given by the defendant, made and payable in California, and to be governed therefore by the law of that state. As no rate of interest was expressed in the note it bears only the legal rate of that state, which is ten per cent. Instead of interest being cast on the note in accordance with its legal construction, it was cast by the defendant with the assent of the plaintiff at the rate of thirty-six per cent.

It is admitted by the defendant that interest calculated at the legal rate, which had accumulated on the first note at the time he gave the second, was a legal claim against him, and he has tendered the same with the interest thereon to the plaintiff, which has been received by her.

Till the second note was given the defendant had made no contract to pay over legal interest which the law of California would sustain. Up to that time then no legal demand existed against the defendant beyond the sum loaned and legal interest. The contract to pay thirty-six per cent. was

made and is to be executed here. Clearly by our law such a contract for a loan of money here is void, and unless the California contract calls for that rate per cent. it is equally clear that the second note is usurious. This conclusion is inevitable.

The plaintiff sees this, and seeks to avoid the consequences by attempting to establish another and distinct contract, claimed by her to have been made with her brother at the time the first note was given. Here the burden of proof rests upon her. The defendant having proved the only consideration of the second note to be the interest cast by him on the first, and that by the first note only legal interest was agreed to be paid, and that the law of California does not tolerate the payment of more than legal interest upon money loaned except when there is an express written agreement, (*Crosby v. McDermitt,* 7 Cal., 146,) of course he could not be required to go forward, prove a negative, and show that there was no other contract by which the plaintiff is entitled to more interest. The first note having been proved by the defendant to be the contract made at the time the money was loaned, and perfectly legal, it will be so considered by this court, until the plaintiff by proper evidence proves another and distinct legal contract. Now the contract which is attempted to be substituted for the one evidenced by the first note, the plaintiff has failed to show to be legal. It does not appear whether it was in writing or not. As no contract is tolerated by the laws of California to pay a greater rate of interest than ten per cent. unless it is in writing, it is incumbent on persons seeking to extort more than legal interest to show that by law they are entitled to it; and that they cannot do unless they prove an agreement in writing.

Had the owner of the first note brought in California a suit on the same at any time before the defendant gave the second note, could he have recovered more than legal interest without proving an express agreement in writing? Certainly not. The defendant is simply asking the court to substitute for a legal contract an agreement that is, when tested by the facts found by the court, nugatory and void by the law where

it was made.  But it is said that the defendant, in writing, in this state, agreed to pay more than ten per cent., and that that agreement is as valid as it would have been if made in California.  This is not true.  Connecticut contracts are governed by Connecticut laws, and California contracts by California laws.  But suppose for the present that it had been made in California; could it have been enforced in that state?  The Supreme Court of California say not.  *Adams* v. *Hastings*, 6 Cal., 126.  Now it is not pretended that it could have any greater effect here than there, neither is it claimed there ever was any contract of any kind made with the plaintiff by the defendant in California, nor that any legal agreement was ever made with the owner of the first note to pay more than legal interest.  The plaintiff's claim, then, amounts to this:—The defendant made a void agreement with her brother in California to pay more than legal interest, and that is a sufficient consideration to support a contract made in Connecticut with her, which, had it not been for the illegal transaction with her brother in California, would confessedly be void.  The claim is absurd. Story Confl. Laws, § 293.

2.  The evidence offered by the plaintiff to prove this other and distinct agreement, was inadmissible for the purposes for which it was considered, because it clearly appears by the finding of the facts by the court to have been parol testimony; for how could a written contract be established by written evidence, and it not appear that the contract was in writing? And no principle of the law is more familiar than the one that " parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument."  1 Greenl. Ev., § 275.  And it is equally well established that " when the language of an instrument has a settled legal construction, parol evidence is not admissible to contradict that construction.  Thus, when no time is expressly limited for the payment of the money mentioned in a special contract in writing, the legal construction is that it is payable presently, and parol evidence of a contemporaneous verbal agreement

for the payment at a future day is not admissible." Id., § 276. And when no rate of interest is expressly mentioned to be paid in a special contract in writing the legal construction is that only legal interest is payable, and upon principle parol evidence of a contemporaneous verbal agreement to pay a greater rate of interest should have been excluded, especially in this case, because the agreement sought to be established by the testimony was ineffectual for any purpose by the law of the state where it was claimed to have been made.

*Pratt,* contra.

CARPENTER, J.  The defendant, in 1851, gave his note to Elisha Rose, made and payable in California, for the sum of fifty dollars, on interest, but without expressing the rate per cent.  The law of that state permits parties to contract in writing for any rate per cent., and the rate so agreed upon will be enforced by the courts.  But in the absence of any such agreement ten per cent. per annum only can be collected.

In this case the parties agreed, whether in writing or not does not appear, that the interest should be thirty-six per cent. per annum.  The defendant subsequently removed to this state, and at his request this note was sent to the plaintiff for collection.  He voluntarily computed the interest at thirty-six per cent., paid the principal in cash, and gave his note payable to the plaintiff for the interest, which she accepted.  The note so given is the note in suit.

The record presents but two questions for the determination of this court.  1. Was parol evidence admissible to prove the agreement relating to interest?  2. Was the note in suit usurious?

1. The objection to this evidence is based upon the principle that parol evidence is not admissible to contradict or vary a written instrument.  If the court below had been called upon to construe the original note, and to modify or vary that construction by the parol agreement for the pur-

pose of enforcing payment of the note as thus modified, the objection would be well taken. But the evidence objected to was offered for no such purpose. The defendant settled and took up the note in question, and in doing so performed his parol agreement relating to it. After having proved that the defendant voluntarily computed the interest on that note at thirty-six per cent. per annum, the plaintiff was permitted to prove that he did so in pursuance of a prior parol agreement to that effect. This evidence was certainly admissible as tending to disprove the allegation in the defendant's notice that the note in suit was given for the amount therein named by mistake. But aside from this, we think the evidence was admissible. If the agreement was not a part of the *res gestae*, strictly speaking, yet it was so intimately connected with the note in suit, entering into and affecting the consideration thereof, making clear its origin and nature, that we think the court below properly permitted it to be proved ; especially as the agreement was not illegal and the defendant had waived the only objection to its enforcement.

2. The defense of usury cannot prevail. The first note, made and executed and in contemplation of the parties to be paid in California, could not have been usurious, because usury was unknown to the laws of that state. The note in suit it is true was made and is payable in this state, and if tainted with usury the plaintiff can only recover the real consideration without interest. It is hardly necessary to say that usury must be proved. No amount of mere suspicion or conjecture will be sufficient. Now in this case not only is this defense not proved, but all suspicion even seems to be removed by the finding of the court, which shows clearly and fully what the consideration was. From the facts found, in connection with the lapse of time since the note was given, the presumption is that the plaintiff received this note as so much money, and accounted to her brother for it accordingly. There is nothing in the case to show that she took any unconscionable advantage of the defendant, or that the real consideration of the note, so far as she was concerned, was any

less than the sum therein named. Under these circumstances argument seems to be unnecessary.

A new trial must be denied.

In this opinion the other judges concurred, except PARK, J., who having tried the case in the court below did not sit.