EMMA SANTORO *v.* HARRIS OSMAN ET AL.

BALDWIN, C. J., KING, MURPHY, ALCORN and MACDONALD, Js.

Argued October 5—decided October 31, 1961

*Gerald Kolinsky,* for the appellant (plaintiff).

*John F. Kearns,* with whom, on the brief, was *Bernard E. Francis,* for the appellees (defendants).

KING, J. This case, in which recovery from the accommodation maker and the payee-endorser of a promissory note is sought, was tried on the admissions in the pleadings, implemented by a stipulation of facts. No evidence was presented.[1] The only issue was the efficacy of the special defense, which read as follows: "Said instrument on its face reflects [that] a usurious rate of interest was charged and . . . said rate of interest is against public policy in the State of Connecticut, as well as in violation of the criminal statutes of this State."

On March 30, 1956, the defendant Harris Osman executed a promissory note in the amount of $5000, payable to the order of the defendant Traffic Asso-

---

[1] The court made a finding which contains a few subordinate facts which were not included in the pleadings or stipulation. Such of these as were not attacked we have treated as additions to the agreed facts.

ciates, Inc., one year after date, at The County Trust Company in Mount Vernon, New York. The face of the note made no mention of interest. On its reverse side, the note was endorsed by the defendant corporate payee to the order of the plaintiff "with interest at 2% per month." Following the typewritten name of the defendant corporation was the handwritten signature "Richard M. McDonnell," with "Pres.," in typewriting after it. Beneath appeared the typewritten word "Approved:" followed by the handwritten signature "Harris Osman." In return for the note, the plaintiff gave a check for $5000 to the defendant corporation, which deposited the check in a bank account which it then had in the Mount Vernon office of The County Trust Company. All of this took place on the day the note was executed.

The defendant corporation was at all times a Connecticut corporation with its principal office in Orange, Connecticut. The residence of Osman on the date of the transaction does not appear, but on July 2, 1958 (apparently the day after the return day of the action), he was a resident of Orange, Connecticut. The plaintiff on the date of execution was, and still is, a resident of Mount Vernon, New York.

The parties stipulated that subsection (1) of § 374 of the New York General Business Law provides: "No corporation shall . . . interpose the defense of usury in any action. . . ." The note in suit was executed in the state of New York and was payable there. Therefore, under our own rule, the law of New York governs its validity as far as usury is concerned. This was early established in *Rose* v. *Phillips,* 33 Conn. 570, 576, a decision which was foreshadowed in *Nichols* v. *Cosset,* 1 Root 294,

295; in *Philadelphia Loan Co.* v. *Towner,* 13 Conn. 249, 257; and in *Beadle* v. *Munson,* 30 Conn. 175, 178. The modern general rule is even more liberal, in that the validity of a note, as far as usury is concerned, depends upon the law of the place where it is payable. 6 Corbin, Contracts, p. 959, citing, inter alia, *Seeman* v. *Philadelphia Warehouse Co.,* 274 U.S. 403, 407, 47 S. Ct. 626, 71 L. Ed. 1123. Under either rule, the law of New York governs the legality of the interest rate in the present instance, and it provides that usury is not a defense available to a corporation. Therefore, the note is collectible against the corporate defendant according to its terms. There is nothing in *Ciampittiello* v. *Campitello,* 134 Conn. 51, 54 A.2d 669, in which we refused to enforce a gambling contract legally entered into in Rhode Island, or in *Catalano* v. *Catalano,* 148 Conn. 288, 170 A.2d 726, in which we refused to recognize a marriage legally entered into in Italy but incestuous under our law, which in any way strengthens the defendants' position. On both authority and principle, it is unsound to claim that a note, valid where it was executed and was payable, but carrying a rate of interest which would be usurious had the note been executed and payable in Connecticut, "contravenes the ancient and deep-rooted public policy of this state." See *Ciampittiello* v. *Campitello,* supra, 56. Such a claim would be directly opposed to our holding in *Rose* v. *Phillips,* supra, as well as to the settled law in other jurisdictions. The mere fact that a type of conduct is prohibited in Connecticut by a statute carrying a substantial criminal penalty (see General Statutes § 37-7) does not establish that such conduct is contrary to a "deep-rooted public policy" in this state.

Section 37-8 of the General Statutes provides

that "[n]o action shall be brought to recover principal or interest, or any part thereof, on any loan prohibited by . . . [our usury statutes] or upon any cause arising from the negotiation of such loan." Clearly, this statute has no bearing on the present case, since the loan was not "prohibited by" any of our usury statutes. Our usury statutes were inapplicable to it.

It is obvious that the peculiar form which the transaction took was for the purpose of obtaining a rate of interest from the corporate defendant which, under New York law, would be usurious as applied to the individual defendant, the maker. But there is no justification in the facts for the court's conclusion that there was an intent by the parties to the note to evade the usury laws of Connecticut. Unless the settled law was to be overturned, there was no need for any such intent, since our usury laws were inapplicable to the transaction.

There is no claim, of course, that the terms of the note purported to call for usurious interest from the maker. As to him, the interest provision was inapplicable. Under our law, an accommodation maker can utilize usury as a defense in a suit on an ordinary note. General Statutes § 37-8; *Finance Discount Corporation* v. *Hurwitz,* 138 Conn. 636, 640, 88 A.2d 385; *Whalley Motors, Inc.* v. *Kesselman,* 145 Conn. 342, 346, 143 A.2d 158. Whether this rule would apply to a case where, as here, the interest rate clearly applied to the payee-endorser only, we need not determine, since the rate was not usurious. It follows that the accommodation maker's liability is clearly enforceable. The parties have stipulated that if the plaintiff is entitled to judgment against the maker, the judgment should include 6 percent interest on the

note from the date of its execution.[2] The court was in error in rendering judgment for either of the defendants.

There is error, the judgment is set aside and the case is remanded with direction to render an appropriate judgment for the plaintiff against both defendants in conformity with the stipulation and with this opinion.

In this opinion the other judges concurred.

---

[2] In view of the stipulation, we have no occasion to determine whether, in the absence of any provision calling for any interest, the maker would be liable for interest, eo nomine, prior to maturity. See cases such as *Perry* v. *Cohen,* 126 Conn. 457, 460, 11 A.2d 804, indicating, although not deciding, that only where "with interest" or some similar phrase is used will interest, as such, be allowed prior to maturity under General Statutes § 37-1. Under § 37-3, after maturity, interest at 6 percent is allowable, not as interest, but "as damages for the detention of money after it becomes payable."