## OLE C. ADAMSEN *v.* BARBARA P. ADAMSEN

KING, C. J., MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued October 2—decided November 5, 1963

*George F. Carroll, Jr.,* with whom were *Julius Garrell,* of the New York bar, and *Daniel E. Reed, Jr.,* for the appellant (defendant).

*Samuel J. Bernstein,* with whom was *Lawrence I. Brown,* of the New York bar, for the appellee (plaintiff).

ALCORN, J. The defendant appeals from a judgment rendered in a habeas corpus proceeding awarding custody of a minor child of the parties to the plaintiff. She has assigned error in the court's finding of subordinate facts, in its conclusions, in its denial of a motion to quash the application for the writ of habeas corpus, in its denial of a motion for nonsuit and in its overruling of her claims of law, which essentially relate to the matters already mentioned. The attack on the finding is of the wholesale kind which we have repeatedly criticized. *Pet Car Products, Inc.* v. *Barnett,* 150 Conn. 42, 44, 184 A.2d 797; Maltbie, Conn. App. Proc. § 157. Many of the corrections sought in the finding are not pursued in the brief and are therefore treated as abandoned. Practice Book § 447; *Yale University* v. *Benneson,* 147 Conn. 254, 255, 159 A.2d 169.

The corrections which are properly raised cannot be made.

The parties were married in Oslo, Norway, on April 12, 1947, and cohabited there until October, 1959. They have two children—a daughter, Ann, the subject of this litigation, who was born in Oslo on June 9, 1948, and a son, Peter, born in Oslo on November 26, 1950. In October, 1959, the parties separated, and the plaintiff went to live at a hotel in Oslo, while the defendant continued to live with the children in the family home. In an action brought by the plaintiff, a Norwegian court decreed a legal separation in February, 1960. A final divorce decree was rendered on April 19, 1961. In a separate custody proceeding brought by the plaintiff, a Norwegian court, on September 29, 1960, awarded custody of Ann and Peter to the plaintiff. The defendant was represented by counsel throughout the Norwegian court proceedings and does not attack their validity. The defendant appealed from the lower court's decision in the custody case to an intermediate appellate court in Norway, and, on March 4, 1961, while the appeal was pending, she left Norway, taking Ann with her. The departure from Oslo was on the pretext of taking a weekend skiing trip. Ann was dressed for that activity and took none of her personal belongings or other clothes with her. After leaving Oslo, the defendant followed a circuitous route calculated to confuse the plaintiff and eventually, with Ann accompanying her, arrived in Rowayton, Connecticut. The defendant did not tell the plaintiff, her son Peter, or her son by a previous marriage, who lived in Norway with the parties, that she was leaving Norway. After two and one-half months of intensive search, the plaintiff located the defendant and Ann in the

United States. In the meantime, on March 22, 1961, the Norwegian intermediate appellate court upheld the decision of the lower court awarding custody of Ann and Peter to the plaintiff. After locating Ann and the defendant, the plaintiff brought the present action on May 18, 1961. Subsequently, on June 29, 1961, the Supreme Court of Norway dismissed the defendant's appeal from the intermediate appellate court's decision in the custody case.

The plaintiff's application for the writ of habeas corpus, duly verified, alleges, in substance, that he is Ann's father, that Ann is issue of his marriage to the defendant, that he and the defendant are legally separated, that he has been awarded custody of Ann by a Norwegian court, and that Ann is being illegally held by the defendant, who refuses his demands to return Ann to him. The defendant moved to quash the writ on the grounds that (1) the application alleged, as the sole ground for relief, the decree of the Norwegian court; (2) the decree was not entitled to enforcement as to custody of a minor child resident in Connecticut; (3) even if otherwise enforceable, the decree could not be enforced because an appeal therefrom was pending in Norway; and (4) the application lacked an allegation that the plaintiff was a fit person to have custody. The Superior Court overruled the motion to quash, and its action in so doing is the first ground of appeal.

The motion to quash is equivalent to a demurrer. *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 611, 132 A. 30. The reasons stated in it may be treated as the reasons for a demurrer. *State* v. *New York, N.H. & H.R. Co.,* 71 Conn. 43, 47, 40 A. 925. Its function is to test the legal sufficiency of the allegations in the application for the writ. For

that purpose, the third ground of the motion, namely, the pendency of an appeal from the Norwegian decree, is unsound because it amounts to a speaking demurrer. The remaining grounds assert only that the application is insufficient in placing reliance on the Norwegian decree and in failing to allege the plaintiff's own fitness to have custody.

Our statute requires that the application for a writ of habeas corpus "shall be verified by the affidavit of the applicant for the writ alleging that he verily believes the person on whose account such writ is sought is illegally confined or deprived of his liberty." General Statutes § 52-466. The only purpose served by the application is to secure the issuance of the writ in the discretion of the court. The issues on which any subsequent trial is held are framed by the return and the pleadings subsequent thereto. General Statutes § 52-469; *Kennedy* v. *Walker,* 135 Conn. 262, 265, 63 A.2d 589, aff'd, 337 U.S. 901, 69 S. Ct. 1046, 93 L. Ed. 1715; *Scott* v. *Spiegel,* 67 Conn. 349, 358, 35 A. 262; see Practice Book, 1963, §§ 450-57; 39 C.J.S., Habeas Corpus, §§ 80 (2), 88. It is a well-settled principle that, unless the law of another jurisdiction or rights arising thereunder contravene our public policy or violate our positive laws, a plaintiff may enforce in this state any legal right of action which he may have whether it arises under our own law or that of another jurisdiction. *Santoro* v. *Osman,* 149 Conn. 9, 12, 174 A.2d 800; *Ciampittiello* v. *Campitello,* 134 Conn. 51, 54, 54 A.2d 669; *Cristilly* v. *Warner,* 87 Conn. 461, 463, 88 A. 711. Under the accepted principle of comity, it was proper for the plaintiff to allege, and sufficient for the court to recognize, with the other facts alleged, the outstanding judgment of the Norwegian court as a

proper basis for entertaining the plaintiff's application for the issuance of the writ of habeas corpus. *Morrill* v. *Morrill*, 83 Conn. 479, 492, 77 A. 1; *Fisher, Brown & Co.* v. *Fielding*, 67 Conn. 91, 105, 34 A. 714; *Holcomb* v. *Phelps*, 16 Conn. 127, 132. The issuance of the writ did not determine the validity of the foreign judgment or its effect, if any, as establishing the custodial rights of the parties. On the contrary, it served only to bring the parties before the court in order that the issue of the alleged illegal restraint might be resolved. Since the application showed a sufficient ground for the court's exercise of discretion in issuing the writ, there was no error in overruling the motion to quash.

The assignment of error attacking the court's denial of the motion for nonsuit accomplishes nothing. An appeal lies from the denial of a motion to set aside a nonsuit. General Statutes § 52-211; Practice Book, 1963, § 600; Maltbie, Conn. App. Proc. § 11. The denial of a motion for nonsuit is not a ground of appeal, nor is it assignable as error. *Cinque* v. *Orlando*, 140 Conn. 591, 593, 102 A.2d 532; *Dubuque* v. *Coman*, 64 Conn. 475, 481, 30 A. 777.

After the motion to quash had been overruled, the defendant filed a return attacking the validity and extraterritorial effect of the Norwegian decree, alleging a material change in circumstances subsequent to that decree, alleging her own fitness to have the custody of Ann, and alleging that Ann's best interest, welfare and happiness would be served by her being placed in the defendant's custody. The plaintiff joined issue on the return, and the court fully heard the parties on the issues thus joined.

Except as incident to a divorce or legal separation action, the Superior Court has jurisdiction to award custody of minor children only in a habeas corpus proceeding. See *White* v. *White,* 138 Conn. 1, 8, 81 A.2d 450; *Pfeiffer* v. *Pfeiffer,* 99 Conn. 154, 157, 121 A. 174. The determination of the ultimate question as to the person in whom the custody should be reposed requires the court to exercise its discretion and to give paramount consideration to the welfare of the child. *Morrill* v. *Morrill,* supra, 489; *Kelsey* v. *Green,* 69 Conn. 291, 301, 37 A. 679. Where there is an outstanding foreign judgment determining custody, the effect to be accorded it as a matter of comity is the same whether it is the judgment of a foreign nation or of a sister state. *Morrill* v. *Morrill,* supra, 492; *Fisher, Brown & Co.* v. *Fielding,* supra; see also *Matter of Lang* v. *Lang,* 9 A.D.2d 401, 406, 193 N.Y.S.2d 763, aff'd, 7 N.Y.2d 1029, 166 N.E.2d 861. The law requires that a foreign judgment be given the force and effect to which it is entitled in the jurisdiction where it was rendered, and if in that jurisdiction it could be modified only on proof that circumstances have materially changed after the entry of the judgment, our courts can act only on such proof. *Ogles* v. *Warren,* 148 Conn. 255, 257, 170 A.2d 140; *Freund* v. *Burns,* 131 Conn. 380, 383, 40 A.2d 754. The record contains no showing as to what the law of Norway is with respect to the modification of custody orders, and the trial court therefore was entitled to assume that Norwegian law is the same as ours, namely, that where there is a material change in circumstances the custody order could be modified. *Stenz* v. *Sandstrom,* 143 Conn. 72, 76, 118 A.2d 900.

Following a hearing on the merits, the court con-

cluded that there had indeed been a change in the circumstances since the rendition of the Norwegian judgment and that the change had been for the worse while Ann had been in the defendant's charge. The court then concluded that Ann's best interest and welfare required that she be in the custody of the plaintiff, and it rendered judgment accordingly. In reaching this determination, the court found, in addition to the facts already recited, that the defendant took Ann away from Norway in the middle of the school year. On leaving Oslo, Ann did not know that she was going to the United States. When she arrived in the United States, she spoke or understood very little English, but the defendant made no attempt in any way to prepare her for entering a junior high school here. Ann's adjustment in school in this country has been very poor. She developed a school phobia, had many absences, her progress was poor and her social adjustment was severely negative. In spite of the fact that Ann's difficulty in school resulted in part from the difference in languages, the defendant made no attempt to send her to summer school. Since arriving in the United States, Ann has suffered from such severe emotional strain as to require treatment by a psychiatrist, who has indicated that her behavior demonstrates a "situational reaction" brought about by the separation of her parents and Ann's own separation from her brother, of whom she is very fond. There is mutual affection between the plaintiff and Ann. The plaintiff holds a responsible position and lives with Peter in the well-run family home in a respected residential section of Oslo. The plaintiff is a good father to Peter and was warmly attached to Ann while she lived at home. The plaintiff showed great interest in Ann's education

in Norway, whereas the defendant, while there, never displayed interest in the education of her children. Either parent can provide an adequate home for Ann.

From these and other facts before it, the court, in its discretion, decided that it was to Ann's best interest and welfare that she be returned to the custody of her father. We cannot interfere with the exercise of that discretion in the absence of a showing that it involves the violation of some legal principle or right or that the court's discretion has been abused. *Antedomenico* v. *Antedomenico,* 142 Conn. 558, 561, 115 A.2d 659. No such circumstances appear in the record before us. On the contrary, it appears that the court heard the parties fully and with paramount consideration for Ann's welfare. *Scott* v. *Furrow,* 141 Conn. 113, 120, 104 A.2d 224. Although the court's ultimate conclusion coincided with that of the Norwegian court, it was an independent adjudication after a full hearing rather than the enforcement of the foreign judgment.

There is no error.

In this opinion the other judges concurred.