[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"[T]he motion to dismiss is the proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v. State,190 Conn. 622, 624-25 n. 4, 461 A.2d 991 (1983); Practice Book 142, 143.
 Jurisdiction is the power in a court to hear and determine a cause of action presented to it. Jurisdiction must exist in three particulars: the subject matter of the case, the parties and the process.
Kraus v. Bencivenga, 2 Conn. L. Rptr. 45, 45 (July 6, 1990, Fuller, J.).
Defendant argues that this action must be dismissed because the court lacks subject matter jurisdiction. Jurisdiction of the subject-matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy." (Citations omitted.) Castro v. Viera, 207 Conn. 420, 427,541 A.2d 1216 (1988). (General Statutes 51-164s provides that "[t]he superior court shall be the sole court of original jurisdiction for all causes of action except such action over which the courts of probate have original jurisdiction. . . .").
Defendant states in his memorandum that it is "black letter" law that a court does not have subject matter jurisdiction over transactions which did not occur within the geographical CT Page 10215 jurisdiction of the court. The defendant has provided this court with no authority for such a broad-reaching proposition. To the contrary, "[i]t is a well-settled principle that unless the law of another jurisdiction or rights arising thereunder contravene our public policy or violate our positive laws, a plaintiff may enforce in this state any legal right of action which he may have whether it arises under our own law or that of another jurisdiction." Adamsen v. Adamsen, 151 Conn. 172, 176, 195 A.2d 418 (1963). Based on the foregoing, this court has subject matter jurisdiction to entertain an action to recover on a credit card agreement.
Defendant next argues that the court has no personal jurisdiction over him because he is a nonresident of Connecticut and he has taken no action to subject himself to be jurisdiction of the court. General Statutes 52-57 (a) states that "[e]xcept as otherwise provided, process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant . . . . in this state." Service was made on defendant on May 13, 1992 in Stamford, Connecticut. In hand service on a nonresident defendant at his place of employment in the state of Connecticut confers in personam jurisdiction over the defendant on the Connecticut courts. This issue was squarely presented to the United States Supreme Court in Burnham v. Superior Court of California, 495 U.S. 604, 110 S.Ct. 2105,109 L.Ed.2d 631
(1990). The Court held unanimously that a state's exercise of personal jurisdiction over a nonresident based on personal service of process while he is temporarily in the state is not unconstitutional. Id. Four members of the Court rejected the argument that the "minimum contacts" test set forth in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154,90 L.Ed. 95 (1945), applies to in-state service on nonresidents. Burnham, supra, 616-19 (Scalia, J.). Even if minimum contacts were mandatory for valid assertion of jurisdiction over nonresidents served in the forum state, four of the remaining five justices agreed that such in-state service on a nonresident temporarily present in the state comports with traditional notions of fair play and substantial justice as required by the due process clause. Id., 628-29, 637-35 (Brennan, J.).
Connecticut has traditionally asserted in personam jurisdiction over nonresidents who are voluntarily present in the state. See Stephenson, 1 Connecticut Civil Procedure 26[a] (1970). Nothing has been found to indicate that such service is no longer valid. See Stephenson, supra, 26[a] (Supp. 1982) (notwithstanding International Shoe, supra, and Shaffer v. CT Page 10216 Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), no evidence that Connecticut has modified the view that personal service in the state confers in personam jurisdiction upon the court). Thus, this court has personal jurisdiction over the defendant.
Defendant's last ground for dismissal is that venue is improper. He states the he is not a resident of Connecticut. He also claims that the transaction at issue namely monies allegedly loaned by the plaintiff to the defendant pursuant to a credit card agreement, took place in New York, not Connecticut. He submits no affidavit, however, substantiating these statements. See Practice Book 143 (motion shall be filed with supporting affidavits as to facts not apparent on the record). As mentioned above, the plaintiff submitted no papers in opposition to this motion to dismiss. The pleadings contain no allegations concerning defendant's place of residence or where the alleged transaction underlying this action took place.
The venue statute in Connecticut is General Statutes 51-345. It makes no provision for an action between two nonresident parties where neither the transaction nor the injury takes place in Connecticut, and where no property is located or attached in Connecticut. See General Statutes 51-345(a)(1), (a)(2), and (d). Where the legislature has provided no venue in which to return process, the action must be dismissed, notwithstanding General Statutes 51-351 ("[n]o cause shall fail on the ground that it has been made returnable to an improper location").
It appears from the sparse information before the court, that Connecticut has no connection with the parties or the transaction at issue, and that no Connecticut property is involved in the action. That being the case, defendant's motion is granted since no proper venue exists in which to hear the action. The plaintiff had the opportunity to present relevant facts to the court on this issue and failed to do so.
SYLVESTER, J.