[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (FILE #107)
Plaintiff, Chemical Bank, as successor in interest to Manufacturers Hanover Trust Company, filed a one count complaint against defendant, Mr. William R. Funk, alleging the following facts. On July 19, 1991, defendant executed a consumer loan note (copy of which was attached to, and incorporated in, the complaint) payable to Manufacturers Hanover in the principal amount of $14,780 with an annual interest rate of 12%. Subsequent to the execution of the note, Chemical Bank became successor in interest to Manufacturers Hanover; defendant failed to make payments on the note and plaintiff declared the note in default. Despite demand for payment, defendant did not make payment in accordance with the terms of the note; there is owed plaintiff an unpaid balance on the note of $14,081.90, plus late CT Page 10888 fees, interest from March 13, 1992 at the default rate of 2% per month, court costs, and attorney's fees.
Defendant has filed an amended answer and special defense.[1] In the special defense, defendant claims that pursuant to General Statutes § 37-8 and New York General Obligations Law § 5-501, the default rate of 24% per annum is unconscionable and usurious, and consequently, plaintiff should be precluded from bringing an action on the instrument.
Plaintiff has filed for summary judgment on the complaint; in support of the summary judgment motion, plaintiff has filed a supporting memorandum of law, a copy of the note, and the affidavits of Mr. George Goering, a Chemical Bank Assistant Vice President. Defendant has not submitted any documentation in opposition to the motion, and did not appear at oral argument.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 384. In ruling on a summary judgment motion, "the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 781, 595 A.d 334 (1991). In Batick v.Seymour, 168 Conn. 632, 647 (1982), the Connecticut supreme Court stated: "[i]n passing on the . . . motion for summary judgment, the trial court was limited to deciding whether an issue of fact existed, but it could not try that issue if it did exist." With regard to the summary judgment procedure, Conn. Prac. Bk. Section 384 provides that the judgment sought shall be rendered if the pleadings, affidavits, and other proof submitted establish that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"
The party moving for summary judgment "has the burden of showing the nonexistence of any material fact . . . ."; Strada v.Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984); and "that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Batick v. Seymour, supra at p. 647. The party resisting summary judgment "must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Scinto v. Stamm, 224 Conn. 524, 530, 620 A.2d 109 (1993). CT Page 10889
In support of this motion, plaintiff asserts that General Statutes § 37-8 does not govern the validity of the note in the present case.[2] Rather, it is plaintiff's contention that New York law applies in determining whether the post-default rate of 24% per annum is usurious since the note was executed, delivered, and apparently payable in New York. Moreover, plaintiff asserts that the terms of the note expressly provide that New York law will govern.
The note provides for an annual interest rate of 12% on the debt, and directs that the defendant is to pay $1004.22 monthly for sixteen months. The note states that default will occur if the defendant fails to make a payment when it is due and that upon that event, plaintiff may "[d]emand full payment of the balance" owed. The note also provides, in the event of a default, the following:
 "[after] the Bank has demanded that [the payor] pay this . . . note in full, the Bank will then have the legal right to charge interest at the rate of 2% a month. [The payor] will be responsible for repaying all amounts owed at that time and for paying the costs for court process, including attorney's fees of up to 20% of the amount [the payor] owes.
The instrument also specifically states that "[t]his note will be governed by the laws of the United States and the State of New York."
Plaintiff has submitted the affidavit(s) of Mr. George Goering, an Assistant Vice-President of Chemical Bank; the affidavit (6/23/94) recites that at the time of the execution of the note, Manufacturers Hanover was a bank organized and existing under the laws of New York, and, that the note was to be paid to plaintiff in sixteen monthly installments at its place of business. Mr. Goering also attested that when the defendant failed to make the scheduled payments, plaintiff declared the note in default and demanded payment; further, that despite demand, defendant has failed to pay the amount owed on said note.
As a general rule, "as far as usury is concerned, [the validity of a note] depends upon the law of the place where it is payable." Santoro v. Osman, 149 Conn. 9, 12, 174 A.2d 800 (1961). CT Page 10890 Pursuant to Connecticut law, however, "[c]ontract clauses which require the application of the laws of other states upon breach or dispute are recognized as proper . . . ." Syncsort, Inc. v.Indata Service, 14 Conn. App. 481, 484, 541 A.2d 543 (1988), citing Gannett Co., Inc. v. Register Pub. Co., 428 F. Sup. 818,824 (D. Conn. 1977) ("Connecticut law will give effect to a good faith stipulation of the parties to a contract selecting the substantive law to govern the interpretation and enforcement of their agreement."). While the parties are permitted to stipulate as to the jurisdiction whose law is to govern the transaction, "[a]s a leading usury case indicates . . . they may do so only when the situs fixed by the agreement `has a natural and vital connection with the transaction.' Seeman v. PhiladelphiaWarehouse Co., 274 U.S. 430, 408, 47 S.Ct. 626, 628,71 L.Ed. 1123 (1927) . . . ." Solevo v. Aldens, Inc., 394 F. Sup. 861, 864
(D. Conn. 1975).
In the court's view, the contents of the Goering affidavit(s), as well as the express terms of the note, establish that the transaction between these parties bears a substantial relationship to the State of New York.[3] Specifically, the note sets forth only a New York address for Manufacturers Hanover, and, the uncontroverted affidavit indicates that the bank is a corporation organized under New York laws, and, that the sixteen installment payments due under the note were to be made to the "Bank," identified in the body of the instrument as Manufacturers Hanover Trust Company, 100 Duffy Avenue, Hicksville, New York. As stated, the instrument itself recites under "Law to be Applied" (in bold print), as follows: "This note will be governed by the laws of the United States and the State of New York." Thus, it is concluded that New York law is applicable in determining whether the post-default rate renders this instrument unenforceable as usurious.
Section 5-501 of the New York General Obligations law, entitled "Rate of Interest, usury forbidden," states as follows: The rate of interest, as computed pursuant to this title, upon the loan or forbearance of any money . . . shall be six per centum per annum unless a different rate is prescribed in section fourteen-a of the banking law. The statute further provides, in pertinent part: No person or corporation shall, directly or indirectly, charge, take or receive any money . . . as interest on the loan or forbearance of any money . . . at a rate exceeding the rate prescribed above . . . Section 5-511, entitled "Usurious contracts void," provides: All . . . notes . . . all other CT Page 10891 contracts . . . whereby there shall be . . . taken . . . any greater sum, or greater value, for the loan or forbearance of any money . . . than is prescribed by section 5-501 shall be void, except that the knowing taking or charging such greater sum or greater value by a savings bank, a savings and loan association or a federal savings and loan association shall only be held and adjudged a forfeiture of the entire interest which the loan or obligation carries . . . or which has been agreed to be paid thereon. Section 14-a of the Banking Law, entitled "Rate ofinterest . . .," states: The maximum rate of interest provided for in Section 5-501 of the general obligation law shall be sixteen per centum per annum.
In Klapper v. Intergrated Agr. Mgt. Co., 539 N.Y.S.2d 812, 814
(App.Div. 1989), a New York court considered whether an 18% per annum rate of interest, which became effective upon default, was void on the ground of usury; the court stated that "[t]he defense of usury does not apply where the terms of a promissory note impose a rate of interest in excess of the statutory maximum onlyafter maturity of the note." (Emphasis added). See also: Flynnv. Dick, 215 N.Y.S.2d 382, 383 (App.Div. 1961). In ShorehavenAssociates, Inc. v. King, 587 N.Y.S.2d 190, 191 (App.Div. 1992), it was stated that the appellant's defense of usury was "meritless" because it was "based upon a provision in the mortgage increasing the interest to a higher rate upon a default in payment . . . ."[4]
In the present case, applying New York law, the defense of usury is unavailing as the increased rate takes effect, under the terms of the note, solely upon default of defendant's obligation. It is concluded that on the documentation submitted, there exists no issue of material fact regarding defendant's failure to make scheduled payments in accordance with the terms of the note; further, that plaintiff is entitled to judgment as a matter of law. cf. Scinto v. Stamm, supra at 530.
The motion for summary judgment is Granted; judgment may enter in favor of plaintiff, against defendant, in an amount consistent with the affidavit of debt (August 16, 1994), plus costs as per the bill of costs (August 15, 1994), with a reasonable attorneys' fee not to exceed that authorized by the terms of the instrument.
Mulcahy, J. CT Page 10892