[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO REARGUE AMENDED MOTION TO INTERVENE
 Facts
The plaintiff, Sandra Hernandez, filed a one count complaint on August 31, 2000 alleging the following facts. On November 11, 1998, the plaintiff was a passenger for hire on a bus operated by the defendant Steven Rossi as an employee of the defendant Arrow Line, Inc. After the plaintiff boarded the bus but before she was seated, Rossi suddenly accelerated the bus, causing the plaintiff to slip and fall on the wet CT Page 11643 floor. Rossi was negligent in the operation of the bus and Arrow Line was negligent in failing to ensure that the floor was dry. The plaintiff sustained injuries as a result of the defendants' negligence:
On November 13, 2000, the Mashantucket Pequot Tribal Nation (the Tribal Nation) filed a motion to intervene as a co-plaintiff on the ground that the plaintiff's injuries arose out of her employment by the Tribal Nation and the Tribal Nation "has paid and has become obligated to pay a sum of money to the plaintiff under the terms of the Workers' Compensation Act of this State." On December 1, 2000, the Tribal Nation filed an amended motion to intervene on the ground that the Tribal Nation "has become obligated to pay a sum of money to the plaintiff under the terms of the Mashantucket Pequot Tribal Workers' Compensation Code." In the complaint accompanying the amended motion to intervene, the Tribal Nation seeks reimbursement for amounts it has paid and become obligated to pay under the Mashantucket Pequot Tribal Workers' Compensation Code. The plaintiff filed an objection to the amended motion to intervene and a memorandum of law in support of her objection on April 20, 2001. The court granted the amended motion to intervene on April 27, 2001. On May 17, 2001, the plaintiff filed the motion to reargue presently before the court. The Tribal Nation filed an objection to the motion to reargue on June 18, 2001.
The court grants the motion to reargue and will reconsider the amended motion to intervene on its merits.
 Discussion
The Tribal Nation seeks intervention in this action pursuant to chapter 4, § 6 of the Mashantucket Pequot Tribal Workers' Compensation Code, which provides in relevant part: "When any injury for which compensation is payable under the provisions of this Code has been sustained under circumstances creating in a third person other than the employer a legal liability to pay damages for the injury, the injured employee may seek compensation but the payment or award of compensation shall not affect the claim or right of action of the injured employee against the third person, but the injured employee may proceed at law against the third person to recover damages for the injury; and any employer having paid, or having become obligated to pay, compensation may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee. If either the employee or the employer brings an action against the third person, he shall immediately notify the other, in writing, by personal presentation or by registered or certified mail, of the action, and the other may join as a party plaintiff in the action and, if the other fails to join as a party plaintiff, his right of action against the third person shall CT Page 11644 abate."
Connecticut's own workers' compensation statutes are similar to the tribal statute under which the Tribal Nation seeks to intervene. Unlike the tribal statute, however, our state statute contains a specific time-limitation on the right of intervention: "If the employee, the employer or the custodian of the Second Injury Fund brings an action against such person, he shall immediately notify the others, in writing, by personal presentation or by registered or certified mail, of the action and of the name of the court to which the writ is returnable, and the others may join as parties plaintiff in the action within thirty days after such notification, and, if the others fail to join as parties plaintiff, their right of action against such person shall abate." General Statutes § 31-293 (a).
The plaintiff objects to the Tribal Nation's intervention on the ground that the intervention provision of chapter 4, § 6 of the Mashantucket Pequot Tribal Workers' Compensation Code contains no time limitation, and therefore violates the public policy of Connecticut and should not be applied by our courts. The Tribal Nation argues, on the other hand, that the statute contains an adequate time limitation, in that an individual's failure to intervene under the statute results in the abatement of that individual's cause of action. The Tribal Nation further argues that it should be permitted to intervene because of Connecticut's public policy against double recovery.
"It is a well-settled principle that, unless the law of another jurisdiction or rights arising thereunder contravene our public policy or violate our positive laws, a plaintiff may enforce in this state any legal right of action which he may have whether it arises under our own law or that of another jurisdiction." Adamsen v. Adamsen, 151 Conn. 172,176, 195 A.2d 418 (1963). It is therefore clear that a statute of the Mashantucket Pequot Tribal Nation should be enforced by the courts of this state unless the statute contravenes our public policy or violates our positive laws.
"[T]he enactment of [s]tatutes limiting the time within which an action may be brought [is] the result of a legitimate legislative determination which balances the rights and duties of competing groups. . . . A statute of limitation or of repose is designed to (1) prevent the unexpected enforcement of stale and fraudulent claims by allowing persons after the lapse of a reasonable time, to plan their affairs with a reasonable degree of certainty, free from the disruptive burden of protracted and unknown potential liability, and (2) to aid in the search for truth that may be impaired by the loss of evidence, whether by death or disappearance of witnesses, fading memories, disappearance of documents CT Page 11645 or otherwise." (Internal quotation marks omitted.) Zapata v. Burns,207 Conn. 496, 509, 542 A.2d 700 (1988).
Although the tribal statute does not contain the same time limitation on intervention as our state statute, the court finds that it does contain an adequate time limitation to satisfy the public policy of the state of Connecticut. The tribal statute specifically provides that the failure to intervene will result in the abatement of the potential intervenor's cause of action. Consequently, upon conclusion of an action against a third party, a potential intervenor who has received proper notice and has failed to intervene will lose the right to bring an action under the tribal statute, just as a potential intervenor under our state statute loses its right of action if it fails to intervene within thirty days of receiving notice. Although the tribal limitation period differs from our state limitation period, that alone is not an adequate ground for finding a violation of a public policy. See Santoro v. Osman,149 Conn. 9, 12, 174 A.2d 800 (1961) ("mere fact that a type of conduct is prohibited in Connecticut by a statute carrying a substantial criminal penalty . . . does not establish that such conduct is contrary to a `deep-rooted public policy' in this state").
Furthermore, allowing intervention more than thirty days after notice does not violate the purposes of statutes of limitation or repose as set forth above. Allowing intervention in a pending lawsuit for the purpose of apportioning damages between employee and employer simply does not pose a danger of unexpected enforcement of stale and fraudulent claims, nor does it create a risk of loss of evidence due to passage of time. Therefore, the tribal statute contains a time limitation that, although different from our own limitation period, adequately addresses the policy concerns underlying statutes of limitation and repose as set forth in our case law.
The Tribal Nation further argues that allowing intervention under the tribal statute actually furthers our public policy against allowing double recovery. This policy has been recognized as one of the purposes for allowing intervention under our own statute, General Statutes §31-293 (a). Our Supreme Court has stated that Connecticut has a "strong public policy against double recovery" under our own workers' compensation statutes. Nichols v. Lighthouse Restaurant, Inc., 246 Conn. 156, 168,716 A.2d 71 (1998). "[T]he employer's statutory right to subrogation of the proceeds of the employee's claim against the tortfeasor implements the public policy of preventing double recovery by an injured employee." Id., 164. The plaintiff's assertion that our courts should refuse to allow intervention by employers who have made, or are obligated to make, workers' compensation payments under tribal law would allow double recovery by employees in violation of our strong public policy. CT Page 11646
 Conclusion
Contrary to the plaintiff's contention, chapter 4, § 6 of the Mashantucket Pequot Tribal Workers' Compensation Code contains an adequate time limitation and therefore does not violate our public policy in favor of time limitations. Furthermore, allowing intervention under the tribal statute serves our strong public policy against double recovery in workers' compensation cases. For these reasons, the court declines to change its ruling granting the Tribal Nation's amended motion to intervene.
 D. Michael Hurley Judge Trial Referee