## ROBERT W. DAVIS *v.* DAVID J. KANIA

Superior Court, Judicial District of Hartford
File No. FA-03 0733208S

Memorandum filed August 29, 2003

*Burns & Lovejoy, LLC*, for the plaintiff.

*Rome, McGuigan & Sabanosh*, for the defendant.

ROBAINA, J. This case concerns a petition for custody. The parties, the plaintiff, Robert William Davis, and the defendant, David John Kania, are two gentlemen who were involved in a homosexual relationship and had been domestic partners for thirteen years. They established a paternal relationship with a child under the laws of the state of California. The minor child, Cameron Leo Davis-Kania, was born on January 26, 2001. Both parties' names are listed on the child's birth certificate as the parents. The parties currently reside in the state of Connecticut and have done so since September 13, 2002. The relationship between the men has ended. The child resides primarily with the defendant, but the plaintiff has enjoyed regular and liberal parenting time with the child.

The plaintiff filed an application for a temporary, ex parte motion dated April 3, 2003, to enjoin the defendant from taking the child out of the country for three months to Greece. The court granted a hearing to consider the

motion. An application for custody, seeking shared legal and physical custody of the child, as well as a motion to enjoin, pendente lite, the defendant from removing the child from the state of Connecticut pending further order from the court, both dated April 23, 2003, were also filed by the plaintiff.

On May 14, 2003, the parties entered into an agreement, without prejudice, whereby the defendant was given sole custody of the child; the plaintiff was given access to the child every other weekend from 10 a.m. Saturday to noon on Monday and every Wednesday from 10 a.m. to 1 p.m., beginning May 16, 2003. The agreement further provided that the defendant could not remove the child overnight from the state of Connecticut until the hearing had taken place on a motion to dismiss that was to be filed by the defendant.

On June 9, 2003, the defendant filed a motion to dismiss the plaintiff's applications before the court based on a lack of subject matter jurisdiction, claiming that the plaintiff is not a "parent" of the minor child. Specifically, the defendant alleges that the plaintiff's claim of paternity lacks any basis under Connecticut law and is contrary to the public policy of the state of Connecticut.

"A motion to dismiss . . . properly attacks the jurisdiction of the court . . . ." (Internal quotation marks omitted.) *Ferreira* v. *Pringle*, 255 Conn. 330, 346, 766 A.2d 400 (2001). "A motion to dismiss shall be used to assert lack of jurisdiction over the subject matter, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) *Kizis* v. *Morse Diesel International, Inc.*, 260 Conn. 46, 51, 794 A.2d 498 (2002); see also *Adolphson* v. *Weinstein*, 66 Conn. App. 591, 594, 785 A.2d 275 (2001),

cert. denied, 259 Conn. 921, 792 A.2d 853 (2002); Practice Book § 10-31 (a) (1).

The court looks to General Statutes § 46b-115 et seq., the Uniform Child Custody Jurisdiction and Enforcement Act (act), to help determine if it has subject matter jurisdiction over this matter. " 'Child custody determination' [under the act] means a judgment, decree, or other order of a court providing for the legal custody, physical custody or visitation with respect to a child. The term includes a permanent, temporary, initial and modification order. The term does not include an order relating to child support or other monetary obligation of an individual . . . ." General Statutes § 46b-115a (3).

General Statutes § 46b-115k provides: "(a) Except as otherwise provided in section 46b-115n, a court of this state has jurisdiction to make an initial child custody determination if: (1) This state is the home state of the child on the date of the commencement of the child custody proceeding; (2) This state was the home state of the child within six months of the commencement of the child custody proceeding, the child is absent from the state, and a parent or a person acting as a parent continues to reside in this state; (3) A court of another state does not have jurisdiction under subdivisions (1) or (2) of this subsection, the child and at least one parent or person acting as a parent have a significant connection with this state other than mere physical presence, and there is substantial evidence available in this state concerning the child's care, protection, training and personal relationships; (4) A court of another state which is the home state of the child has declined to exercise jurisdiction on the ground that this state is the more appropriate forum under a provision substantially similar to section 46b-115q or section 46b-115r, the child and at least one parent or person acting as a parent have a significant connection with

this state other than mere physical presence, and there is substantial evidence available in this state concerning the child's care, protection, training and personal relationships; (5) All courts having jurisdiction under subdivisions (1) to (4), inclusive, of this subsection have declined jurisdiction on the ground that a court of this state is the more appropriate forum to determine custody under a provision substantially similar to section 46b-115q or section 46b-115r; or (6) No court of any other state would have jurisdiction under subdivisions (1) to (5), inclusive, of this subsection. (b) Subsection (a) of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this state. (c) Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination."

Both parties and the minor child currently reside in the state of Connecticut, and no other state has exercised jurisdiction over this matter. The court concludes, therefore, that it has subject matter jurisdiction pursuant to the act.

The defendant argues that the plaintiff's application for custody should be dismissed because the plaintiff is asking the court to recognize and enforce an agreement and parental designation that is against the policy of the state of Connecticut. Additional facts are helpful in resolving this argument.

While both parties to this action resided in the Ukraine, they filed petitions to the Superior Court of the state of California, county of Los Angeles, each seeking to establish a paternal relationship with an unborn minor child to be carried by Linda Kay Randall. On or about April 29, 2000, Randall was implanted with embryos created from ovum obtained by both the plaintiff and the defendant, which ultimately were fertilized by semen from the defendant. The defendant was declared the genetic and legal parent of the child, and the plaintiff was declared the legal parent of the child.

On December 6, 2000, the California court issued a judgment of paternity, whereby the plaintiff was permitted to place his name as "parent" in the area designated for the mother on the child's birth certificate and the defendant was permitted to place his name as "parent" in the area designated for the father.

A recent Superior Court decision rejects the defendant's argument. In *Vogel* v. *Kirkbride*, Superior Court, judicial district of New Haven, Docket No. FA 02 0471850S (December 18, 2002) (*Gruendel, J.*), two males, Andrew Vogel and his partner, Donald Savitz, contracted with a gestational carrier, Heather Kirkbride, to carry and deliver an embryo, developed from an egg fertilized by Vogel's sperm. The same type of judgment was entered in *Vogel* as was entered in the California case involving the parties presently before the court. In *Vogel*, the court found the two male plaintiffs to be the legal parents of the unborn child and ordered Yale-New Haven Hospital or Greenwich Hospital to place the names of the plaintiffs on the birth certificate as parents of the child. The *Vogel* court also found that "the egg donor agreement and the gestational carrier agreement [were] valid, enforceable, irrevocable and of full legal effect" under the laws of the state of Connecticut. *Vogel* v. *Kirkbride*, supra, Superior Court, Docket No. FA 02 04718505.

"It is a well-settled principle that, unless the law of another jurisdiction or rights arising thereunder contravene our public policy or violate our positive laws, a plaintiff may enforce in this state any legal right of action which he may have whether it arises under our own law or that of another jurisdiction." *Adamsen* v. *Adamsen*, 151 Conn. 172, 176, 195 A.2d 418 (1963); *Hernandez* v. *Arrow Line, Inc.*, Superior Court, judicial district of New London at Norwich, Docket No. CV 00-0120944 (August 28, 2001) (*Hon. D. Michael Hurley*, judge trial referee) (30 Conn. L. Rptr. 373). Because

both the plaintiff and the defendant were parties to the California action, and the judgment neither contravenes Connecticut policy nor violates its laws, the plaintiff can, therefore, enforce his legal right in the state of Connecticut.

The plaintiff claims that the defendant should be equitably estopped from attacking the judgment of the California court. "There are two essential elements to an estoppel: the party must do or say something which is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do something to his injury which he otherwise would not have done. Estoppel rests on the misleading conduct of one party to the prejudice of the other. In the absence of prejudice, estoppel does not exist." (Internal quotation marks omitted.) *W* v. *W*, 256 Conn. 657, 661–62, 779 A.2d 716 (2001). In the present case, the plaintiff was prejudiced because he believed that he was the legal parent of the minor child, provided emotional and financial support, and did not seek to adopt the minor child after birth, as the California judgment precluded the need to do so. For the defendant now to assert that the plaintiff is not the legal parent, that the California judgment of paternity is invalid in Connecticut and to deny the plaintiff a relationship with the child, would be prejudicial to the plaintiff.

Public Acts 2003, No. 03-19, § 101, which replaced General Statutes § 46b-1, provides in relevant part: "Matters within the jurisdiction of the Superior Court deemed to be family relations matters shall be matters affecting or involving . . . all such other matters within the jurisdiction of the Superior Court concerning children or family relations as may be determined by the judges of said court." This serves, in addition to the foregoing authorities, to confer jurisdiction in this matter.

General Statutes §§ 46b-1 and 46b-61 and the act give the court jurisdiction over the issue of custody of the minor child. Furthermore, the California judgment of paternity does not contravene the policy of the state of Connecticut, and the benefit sought by the parties in obtaining the paternity judgment in California does not constitute forum shopping because the parties have contacts with the state.

Accordingly, the defendant's motion to dismiss for lack of subject matter jurisdiction is denied.