EVELYN G. WESLEY *v.* THE DEFONCE CONTRACTING CORPORATION ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued December 8, 1965—decided February 1, 1966

*John W. Colleran,* with whom, on the brief, was *Dennis N. Garvey,* for the appellants (defendants).

*Richard H. Simons,* with whom was *Gerald F. Stevens,* for the appellee (plaintiff).

ALCORN, J. By an amended complaint the plaintiff seeks to recover in an action for money loaned. The defendants are the named corporation and Thomas J. DeFonce. No point is made, in this appeal, of the fact that the amended complaint alleges that the "defendant" borrowed the sum sued for in each of the two counts. Nor is any issue made of the fact that the judgment is that the plaintiff recover from the "defendants". Both defendants appeal solely on the basic ground that promissory notes which entered into the transaction were usu-

rious. Doubtless the discrepancy between the complaint and the judgment is ignored by the parties because the corporation appears to be, at least in this transaction, the alter ego of Thomas J. DeFonce, who obtained the loans from the plaintiff. We have decided to treat the case as the parties have done and will refer to Thomas J. DeFonce as the defendant.

The case presents primarily an issue of fact, and, as might be expected in a court trial of such an issue, the defendant makes an extensive attack on the finding. No facts can be added to the finding. Practice Book § 628; *Kaplan* v. *Merberg Wrecking Corporation,* 152 Conn. 405, 418, 207 A.2d 732. One requested addition is but a rephrasing of a conclusion of the court. Certain findings of subordinate facts must be stricken because the plaintiff has failed to supply evidence to support them in the appendix to her brief. *Owens* v. *Doyle,* 152 Conn. 199, 209, 205 A.2d 495; *Engelke* v. *Wheatley,* 148 Conn. 398, 411, 171 A.2d 402. Certain conclusions must go out since they are not supported by the subordinate facts. The attacks on the finding which have not been briefed are treated as abandoned. *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 659, 211 A.2d 687; *Dupuis* v. *Zoning Board of Appeals,* 152 Conn. 308, 310, 206 A.2d 422.

From the finding, as corrected, the following facts appear: In June and July, 1963, the defendant and four corporations organized and controlled by him were indebted to the plaintiff and were in arrears in their payments. A plan had been devised by which the defendant corporation, of which DeFonce was also president, was attempting to pay these debts. The defendant corporation was, however, in desperate financial circumstances and in need of

money to carry on a work project in which it was engaged. It could not obtain bank financing, and $9150 was necessary to keep it in business. There was little likelihood that, unless that sum could be borrowed, the debts which the defendant and his other corporations owed the plaintiff could be repaid.

The plaintiff was seventy-eight years old. She regularly employed an attorney who had prepared notes in her prior transactions with the defendant. On July 1, 1963, in response to the urgings of the defendant for a further loan, and after he had convinced the plaintiff that it was unnecessary to consult her attorney, the plaintiff, without the advice of counsel, loaned the defendant corporation $4750 to be repaid in thirty days. Thereupon, the defendant had a promissory note for $5000 prepared, dated July 1, 1963, and payable to the plaintiff in one month "with interest". The defendant signed the note as president of the defendant corporation and delivered it to the plaintiff along with a postdated $5000 check of the defendant corporation.

On July 9, 1963, the defendant again approached the plaintiff and requested a further loan with which to meet his payroll and stay on the job. He again persuaded the plaintiff not to consult her attorney and, without the advice of counsel, the plaintiff made a further loan of $4400. Following his earlier procedure, the defendant had a promissory note drawn for $4550 dated July 9, 1963, and payable to the plaintiff in ten days "with interest". He signed the note in the same way as before and delivered it to the plaintiff along with a postdated check of the defendant corporation for $4550.

The plaintiff later attempted to cash the checks, but the bank refused to honor them for lack of

funds in the account. The defendants have paid nothing to the plaintiff on account of either loan. In September, 1963, the plaintiff gave the notes to her attorney for collection, and he brought suit on the notes.

The notes were not usurious on their face, and there is no finding that the attorney knew that the amount loaned differed from the face amount of the notes. The defendant filed an answer denying the loans and a special defense that the notes were usurious. Thereupon the complaint was amended to state a case for money loaned and seeking recovery of the amount actually loaned with legal interest. The defendant again denied the loan and pleaded a special defense of usury.

The case was tried on the issues formed by the amended complaint, the answer and the defense of usury. The court concluded that the plaintiff had loaned the "defendants" $9150, that the plaintiff sought to recover only that amount with interest, that in accepting the promissory notes and checks prepared by the defendant the plaintiff did not intend to exact usurious interest, and that the plaintiff was entitled to recover the amount loaned with legal interest. The amount actually loaned is not disputed. The plaintiff's intent in the transaction is the only question in issue.

The amended complaint, since it is complete in itself and entirely supersedes the original complaint, should more accurately be termed a substitute complaint. *Lancaster* v. *Bank of New York,* 147 Conn. 566, 576, 164 A.2d 392. As such, its voluntary filing operated as a withdrawal of the original complaint, which thereupon became merely a part of the history of the case. *Pope* v. *Watertown,* 136 Conn. 437, 438, 72 A.2d 235. The case is, therefore,

unlike cases such as *Golden* v. *Lyons,* 151 Conn. 21, 22, 193 A.2d 487, *Santoro* v. *Osman,* 149 Conn. 9, 10, 174 A.2d 800, *Manchester Realty Co.* v. *Kanehl,* 130 Conn. 552, 553, 36 A.2d 114, and *Atlas Realty Corporation* v. *House,* 123 Conn. 94, 98, 192 A.2d 564, in which, in each case, suit was brought on the note itself.

Section 37-8 of the General Statutes provides that no action shall be brought to recover the whole or any part of a usurious loan. Consequently the substitute complaint could not effectively serve as a means to recover the amount loaned if, in fact, the loan transaction is shown to be usurious. Section 37-4 prohibits, except in the case of pawnbrokers, a loan of money at a greater rate of interest than 12 percent per annum. And § 37-5 provides that no person "shall, with intent to evade the provisions of section 37-4, accept a note or notes for a greater amount than that actually loaned". The intent which enters into and is necessary to constitute usury is an intent to exact payments which exceed the amount of interest allowed by the statute. *Atlas Realty Corporation* v. *House,* supra, 100. The determination of that intent presents a question of fact for the trier. *Community Credit Union, Inc.* v. *Connors,* 141 Conn. 301, 307, 105 A.2d 772; *Douglass* v. *Boulevard Co.,* 91 Conn. 601, 604, 100 A. 1067. Where, as here, neither of the notes which the plaintiff accepted at the time of the loan were usurious on their face, the question whether they violated the statute is determined by applying the highest interest rate to the amount actually loaned. *Manchester Realty Co.* v. *Kanehl,* supra, 554. A $5000 note for thirty days in return for a loan of $4750, and a $4550 note for ten days in return for a loan of $4400 calls, in each case, for a return

equivalent to more than 12 percent interest. But the mere fact that this is so does not conclusively establish a usurious intent. *Bochicchio* v. *Petrocelli,* 126 Conn. 336, 339, 11 A.2d 356. While the notes were evidential of an intent to exact usurious interest, their acceptance was open to explanation which would satisfy the trier that the unlawful intent was not present. *Golden* v. *Lyons,* supra, 26; *Community Credit Union, Inc.* v. *Connors,* supra; *Contino* v. *Turello,* 101 Conn. 555, 558, 126 A. 725.

In the present case the court was obviously of the opinion that this was not the ordinary commercial transaction. The lender was a woman seventy-eight years old. The borrower, in debt to the plaintiff, was the controlling figure in five corporations, four of them also in debt to the plaintiff and one of them, the defendant corporation, facing financial disaster. After successfully persuading the plaintiff to forego the advice of her attorney and to loan further funds, the defendant supplied the promissory notes and the accompanying checks upon which he now bases his defense. Under these and the other circumstances found to exist, the court was fully justified in concluding that the acceptance of the notes and the subsequent actions of the plaintiff in first attempting to cash the checks and later handing the notes to her attorney for collection should not be interpreted as indicating an intent to exact usurious interest. The conclusion of the court cannot be disturbed.

There is no error.

In this opinion the other judges concurred.