# WILLIAM H. WILSON *v.* PAUL HRYNIEWICZ ET AL.
## (12467)

LAVERY, LANDAU and HENNESSY, Js.

Argued September 20, 1994—decision released August 15, 1995

*Anthony A. Ball,* with whom, on the brief was *Leslee B. Ives,* for the appellants-appellees (defendants).

*Neil F. Murphy, Jr.,* with whom were *Philip N. Walker, Jeanne S. Roberts* and, on the brief, *Lawrence J. Kiel,* for the appellee-appellant (plaintiff).

HENNESSY, J. The defendants, Paul Hryniewicz and West Service Corporation, appeal from the trial court's judgment. They claim that the trial court improperly denied (1) their motion to strike and (2) their motions for directed verdict and judgment notwithstanding the verdict on count one of the plaintiff's complaint, which alleged that the defendants deprived the plaintiff of rights in violation of 42 U.S.C. § 1983.[1] The plaintiff, William H. Wilson, cross appeals and claims that the trial court improperly denied his motion to set aside a directed verdict in the defendants' favor on the second count of the complaint, which alleged tortious interference with contract. We affirm the judgment of the trial court.

This action arises out of a dispute between the plaintiff, a developer, and the defendants, a private utility in the town of Suffield, and one of its employees. The plaintiff, who was developing a subdivision in Suffield, had an agreement with the defendants wherein West Service Corporation would supply the subdivision site with water. The defendants delayed providing water to the plaintiff's subdivision for several years. An action was initiated to resolve the question of liability and the amount of damages allegedly resulting from the delay.

---

[1] Title 42 of the United States Code § 1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . ."

The original complaint included three counts: the first stating a claim pursuant to 42 U.S.C. § 1983; the second stating a claim for tortious interference with contract; and the third stating a claim for vexatious litigation. The defendants filed a motion to strike the first and second counts of the original complaint. This motion was denied by the trial court and, after filing notice of intent to appeal the denial of the motion to strike, the defendant filed an answer to the original complaint.[2] During trial, the plaintiff amended his complaint by dropping the third count and making minor modifications in the two remaining counts. In response, the defendant filed an answer to the amended complaint. No motion to strike the amended complaint was filed.

After the plaintiff's case had been presented, the defendants moved for a directed verdict on both counts. The trial court granted the defendants' motion for directed verdict as to count two, which alleged tortious interference with contract, but denied the motion as to count one, which alleged a claim pursuant to 42 U.S.C. § 1983. After deliberations, the jury returned a verdict in favor of the plaintiff on count one, and judgment was rendered in accordance with that verdict.

I

The first issue raised by the defendants is whether the trial court improperly denied their motion to strike the first count of the complaint. We do not address this issue because the denial of a motion to strike the original complaint cannot be appealed after the filing of an amended complaint that the defendant answers with-

---

[2] The defendants' brief framed an additional issue for appeal: whether the trial court improperly denied their motion to strike the second count of the complaint. During oral argument the defendants conceded that the denial of their motion to strike the second count of the complaint was moot as a result of the trial court's granting the defendants' motion for a directed verdict on this count.

out moving to strike. See *Wesley* v. *DeFonce Contracting Corp.*, 153 Conn. 400, 404–405, 216 A.2d 811 (1966); *Lakitsch* v. *Brand,* 99 Conn. 388, 389, 121 A. 865 (1923).

The defendants argue that the motion to strike, and their appeal from its denial, should be construed to survive and to refer forward to the amended complaint.[3] In support of this argument, the defendants claim that the amended complaint did not make any substantive changes in the first cause of action. The defendants also point out that at the time the amended complaint was filed a jury had been chosen and the case was already proceeding to trial; they suggest that the filing of a new motion to strike might have impeded the timely progress of the trial. This argument is not persuasive.

Practice Book § 112[4] dictates the order of pleadings in a civil case. A motion to strike a complaint must precede the defendant's answer to that complaint. Pursuant to Practice Book § 113, "the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section."

Although pleadings cannot generally be filed out of order; *Sabino* v. *Ruffolo,* 19 Conn. App. 402, 404–405,

[3] Although the appealability of the motion to strike the plaintiff's original complaint was not addressed in any of the briefs filed with this court, the issue was argued by counsel at oral argument.

[4] Practice Book § 112 provides: "The order of pleading shall be as follows:
"(1) The plaintiff's complaint.
"(2) The defendant's motion to dismiss the complaint.
"(3) The defendant's request to revise the complaint.
"(4) The defendant's motion to strike the complaint.
"(5) The defendant's answer (including any special defenses) to the complaint.
"(6) The plaintiff's request to revise the defendant's answer.
"(7) The plaintiff's motion to strike the defendant's answer.
"(8) The plaintiff's reply to any special defenses."

562 A.2d 1134 (1989); a party may amend a previously filed pleading. See Practice Book § 176. When an amended pleading is filed, it operates as a waiver of the original pleading. The original pleading drops out of the case and although it remains in the file, it cannot serve as the basis for any future judgment, and previous rulings on the original pleading cannot be made the subject of appeal. See *Wesley* v. *DeFonce Contracting Corp.*, supra, 153 Conn. 404–405; *Lakitsch* v. *Brand*, supra, 99 Conn. 389.

The defendants could have filed a timely motion to strike the amended complaint. They failed to do so, and instead filed an amended answer. By operation of Practice Book § 113, the filing of the answer to the amended complaint acts as a waiver of the right to file a motion to strike the amended complaint.

The appeal from the denial of the motion to strike the original complaint is not properly before us, and we will not consider the issue further.

## II

The second issue raised by the defendants is whether the trial court improperly denied their motion for judgment notwithstanding the verdict[5] on the first count of the complaint, alleging a claim under 42 U.S.C. § 1983.[6] We are unable to review this claim in light of the inadequate record provided by the appellants.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting

[5] Although the defendants brief the denial of the motion for directed verdict and the refusal to enter a judgment notwithstanding the verdict as separate issues, the facts, arguments and questions of law raised by these motions are the same. We consider the denial of these motions as a single issue.

[6] See footnote 1.

under color of state law." *West* v. *Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1987); see also *Flagg Bros., Inc.* v. *Brooks*, 436 U.S. 149, 155, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978). These two elements denote two separate areas of inquiry: the plaintiff must prove a constitutional or statutory violation and that violation must have been committed by the defendant acting under color of law. *Flagg Bros., Inc.* v. *Brooks*, supra, 155–56. The defendants argue that in light of all of the plaintiff's evidence, the defendants could not reasonably have been found to have acted under color of law, and, as a result, the jury could not have reasonably rendered a verdict in the plaintiff's favor.

The trial court denied the motions for directed verdict and judgment notwithstanding the verdict on this count, but we cannot discern the basis for this decision from the record. In denying the motion for directed verdict, the trial court indicated that the central issue to be resolved in connection with the § 1983 claim was whether the determination that the defendants did or did not act under color of law was a question of law for the court to decide or a question of fact to be submitted to the jury. The trial court further indicated that it decided to submit the question to the jury on the basis of a split of authority in other jurisdictions. The transcripts provided to this court, however, fail to inform us as to what split of authority the trial court was referring, or what law controlled its decision to treat the "under color of law" issue as a question of fact.[7] It is the duty of the appellants to provide an adequate rec-

---

[7] In its oral decision denying the defendants a directed verdict on the § 1983 claim, the trial court refers to the "admirable argument" and "very well written memoranda of law" supplied by the parties. Even if we could construct the basis for the trial court's decision from these sources, we would decline to do so. Such an inquiry would require review of dozens of pages of transcript and written argument and it is the responsibility of the appellant to provide us with an adequate record for review. See Practice Book § 4061.

ord. See Practice Book § 4061.[8] The defendants have failed to do so by failing to move for an articulation pursuant to Practice Book § 4051. Accordingly, we are without a sound basis for reviewing this claim on appeal and decline to do so.

## III

The plaintiff cross appeals and challenges the judgment denying his motion to set aside the verdict on the second count of his complaint, which alleged tortious interference with a contract. Again, we have not been provided with an adequate record to review this claim.

The trial court did not prepare a memorandum of decision regarding either the granting of the motion for directed verdict on the second count or the denial of the motion to set aside the directed verdict on this count. The plaintiff has also failed to furnish this court with an adequate record. We have repeatedly held that it is an appellant's duty to provide us with an adequate record. *State* v. *Rosedom*, 34 Conn. App. 141, 144, 640 A.2d 634 (1994); *State* v. *Rios*, 30 Conn. App. 712, 715, 622 A.2d 618 (1993). Accordingly, we are unable to consider the claim raised by the plaintiff's cross appeal.

The judgment is affirmed.

In this opinion LANDAU, J., concurred.

LAVERY, J., concurring. I agree with the reasoning and conclusion of the majority on the issue concern-

---

[8] Practice Book § 4061 provides: "The court may reverse or modify the decision of the trial court if it determines that the factual findings are clearly erroneous in view of the evidence and pleadings in the whole record, or that the decision is otherwise erroneous in law.

"If the court deems it necessary to the proper disposition of the cause, it may remand the case for a further articulation of the basis of the trial court's factual findings or decision.

"It is the responsibility of the appellant to provide an adequate record for review."

ing survival of the defendants' motion to strike after an amendment to the complaint.

The second issue, whether the trial court improperly denied the defendants' motion for judgment notwithstanding the verdict on the first count alleging a claim under 42 U.S.C. § 1983, is not reviewed by the majority because of an inadequate record. I agree with the result reached by the majority, but I would review this claim on the basis of the transcripts filed, the exhibits admitted into evidence and the jury's answer to the interrogatories, and would affirm the judgment of the trial court.

The jury in rendering its verdict for the plaintiff could have found the following facts. In the fall of 1984, the plaintiff subdivided a parcel of land in the town of Suffield. The defendants, Paul Hryniewicz and West Service Corporation (West Service), agreed to supply the subdivision with water and to allow the plaintiff to install the water mains. The plaintiff applied to the Suffield planning and zoning commission for open space subdivision approval, which required the provision of "public water" rather than private wells to the site. The defendants advised the planning and zoning commission that they could provide water to the subdivision and that the plaintiff's proposal met their basic requirements. West Service, the closest water company servicing the area of the proposed subdivision, had been licensed by the state department of public utility control (department) and had a water main relatively near the proposed subdivision site.

In January, 1985, the planning and zoning commission approved the plaintiff's application for a twenty-four lot open space subdivision known as Broadleaf Circle and the plaintiff began the construction of the three houses that fronted an existing public highway and began the installation of drainage pipe. In February

or March, 1985, Hryniewicz inspected the pipe that the plaintiff was using for drainage. Hryniewicz found the pipe substandard and retracted his permission that the plaintiff construct the water mains. He then delayed the provision of water to Broadleaf Circle for a period that eventually exceeded three years.

The plaintiff petitioned the department to establish his own water company to service Broadleaf Circle. In May, 1985, he applied to the department for a certificate of public convenience and necessity. In 1981, the department had ordered West Service to submit its financial, engineering and management data for prior years. By this order, the department had sought to compel West Service to adopt acceptable management and engineering standards. West Service had not complied with that order and, in May, 1986, one year after the plaintiff had filed his petition, the department ordered a show cause hearing into West Service's noncompliance, designated the plaintiff as an intervenor and ordered West Service to determine the feasibility of extending water service to Broadleaf Circle.

On November 12, 1986, the department denied the plaintiff's petition and ordered West Service to enter into a service extension agreement with the plaintiff. Citing a policy that promoted monopolistic utilities, the department ordered the plaintiff to obtain his water from West Service and ordered West Service to provide the plaintiff with water. Subsequently, because of West Service's continuing failure to comply with its orders, the department took "extraordinary measures" by drafting the specific terms of the extension agreement and ordered West Service to execute it. In the meantime, the plaintiff applied to the department for a second certificate of public convenience and necessity. That application was denied by the department on June 15, 1988.

On August 5, 1988, West Service finally delivered to the plaintiff the extension agreement that it claimed to have executed under duress. The plaintiff immediately signed the agreement and, pursuant to its terms, paid the defendants the sum of $123,386. Thereafter, despite repeated threats of civil penalties by the department, West perpetrated further delay in the provision of water to the three constructed homes and the balance of the subdivision.

When the main finally reached the houses on the existing highway, West Services did not tie them in through laterals, which would have taken approximately twenty-four hours. Instead West Service ran the main over 700 feet past the subdivision. As of the date of trial, Hryniewicz acknowledged that the construction of the additional 701 feet still did not provide service to anyone.

The defendants first argue that the trial court should have granted the defendants' motion to strike the plaintiff's claim under 42 U.S.C. § 1983 on the grounds that the defendants' conduct was not "under color of state law." As the majority found, the appeal from the denial of the motion to strike is not properly before this court. Additionally, because all of the facts are before this court on appeal, a review of the plaintiff's § 1983 claim should be based on the complete trial record. See *Putnam, Coffin & Burr, Inc.* v. *Halpern*, 154 Conn. 507, 517, 227 A.2d 83 (1967).

The defendants next argue that the trial court improperly denied their motion for judgment notwithstanding the verdict on the same grounds. A trial court is authorized to set aside a verdict only when it finds that a jury could not reasonably and legally reach its conclusion. *Mulligan* v. *Rioux*, 229 Conn. 716, 726, 643 A.2d 1226 (1994). A legally cognizable claim may be brought under 42 U.S.C. § 1983 only if the defendants

acted " 'under color' " of state law. *Rendell-Baker* v. *Kohn*, 457 U.S. 830, 835, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982). "In cases under § 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *United States* v. *Price*, 383 U.S. 787, 794 n.7, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966).

The defendants argue that the jury could not have found sufficient facts to constitute state action under the United States Supreme Court's holding in *Jackson* v. *Metropolitan Edison Co.*, 419 U.S. 345, 358–59, 95 S. Ct. 449, 42 L. Ed. 2d 477 (1974). The *Jackson* court specifically rejected the argument that a privately owned utility becomes a state actor solely by being licensed by the state, heavily regulated and enjoying at least partial monopoly status. Id., 350–51. If, however, the state goes further and exercises coercive power, provides significant encouragement or orders a private decision, private conduct can be fairly attributable to the state. See *Lugar* v. *Edmondson Oil Co.*, 457 U.S. 922, 938–39, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982); *Public Utilities Commission* v. *Pollak*, 343 U.S. 451, 462, 72 S. Ct. 813, 96 L. Ed. 1068 (1952). When a private actor is clothed with the authority of the state, and abuses the position given to him by the state, that action constitutes state action. *West* v. *Atkins*, 487 U.S. 42, 49–50, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988).

At trial, the jury could have reasonably found sufficient facts establishing state action to support a § 1983 claim. Specifically, the jury could have found that the department ordered the plaintiff to obtain his water from the defendants; the department twice denied the plaintiff's petitions for certificates of public convenience and necessity because it favored a policy promoting monopolistic utilities; West Service was a heavily regulated utility enjoying partial monopoly status; and West

Service abused the position given to it by the state by denying water to the plaintiff's subdivision. These facts indicate that the department clothed the defendants with the authority to deprive the plaintiff of his property interest. The defendants' act of depriving the plaintiff of water constitutes state action giving rise to a claim under 42 U.S.C. § 1983. Therefore, the trial court's decision to deny the defendants' motion for judgment notwithstanding the verdict was proper.