[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#119)
Count Two:
The motion to strike count two is denied as the defense of immunity must be raised as a special defense. Westport TaxiService v. Westport Transit District, 235 Conn. 1, 23-24, ___ A.2d ___ (1995). As such, no other counts will be stricken based on this ground.
Count Four:
Same as above.
Count Eight:
"`To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" See Wilson v. Hryniewicz, 38 Conn. App. 715, 719-20, ___ A.2d ___, cert. denied, 235 Conn. 918, ___ A.2d ___(1995), quotingWest v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40
(1987). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied."RK Construction, Inc. v. Fusco Corp. , 231 Conn. 381, 384,650 A.2d 153 (1994).
The motion to strike count eight is denied as the plaintiff has sufficiently alleged a violation of 42 U.S.C. § 1983.
Count Nine:
The Connecticut Supreme Court has "acknowledged that there are situations where the doctrine [of equitable estoppel] may be applicable to municipalities in the enforcement of the zoning laws." (Emphasis in original.) See Bloom v. Zoning Board ofAppeals, 233 Conn. 198, 204, ___ A.2d ___ (1995).
The motion to strike count nine is granted as equitable estoppel is a defense and not a cause of action. Id.
Count Ten:
CT Page 1787
"An exchange of promises is sufficient consideration to support a contract." Trumbull v. State, 206 Conn. 65, 73,537 A.2d 431 (1988). Even if there is no consideration, detrimental reliance may substitute for missing consideration. D'Ulisse-Cuppov. Board of Directors of Notre Dame High School, 202 Conn. 206,213, 520 A.2d 217 (1987). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. (Internal quotation marks omitted.) Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied."RK Construction, Inc. v. Fusco Corp. , supra, 231 Conn. 384.
The motion to strike count ten is denied as the plaintiff has alleged sufficient facts, which is proven, may support a claim for breach of contract.
RIPLEY, J.