[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#133) MOTION FOREXTENSION OF TIME (#138)
The plaintiff, Ceci Brothers, Inc., brought this action on January 26, 1996, in a one-count complaint against the defendants, Five Twenty-One Corp. and Leona Helmsley, seeking to foreclose on a mechanic's lien filed by Ceci Bros. on November 22, 1995, in the Town Clerk's office for the Town of Greenwich. The original complaint alleged that the Five Twenty-One Corp. owns the property at 521 Round Hill Road in the Town of Greenwich, and that Ceci Bros. supplied materials and services with a value of $52,918.75 for which it has not been paid.
On February 29, 1996, Leona Helmsley filed a motion to dismiss the complaint against her on the ground of ineffective service of process, which was denied by Judge Tobin on May 16, 1996. On June 7, 1996, she then filed a motion to strike the complaint as to her on the ground that the complaint did not allege a cause of action against her. Ceci Bros. then filed a request to amend its complaint on June 24, 1996, to which the defendants objected on June 28, 1996. On July 29, 1996, Judge Tobin granted Ceci Bros.' request to amend, and then ruled that Helmsley's motion to strike was moot in light of the amended complaint.[1]
CT Page 6960
The amended complaint added three counts. Count two alleges that Helmsley resides at 521 Round Hill Road and controls the Five Twenty-One Corp., that she entered into a contract for the maintenance of the property, and, through her agents, refused to pay for the services and terminated the contract. Counts three and four allege quantum meruit against the corporation and Helmsley, respectively.
Five Twenty-One Corp. filed an application to discharge the lien pursuant to General Statutes § 49-35a on July 24, 1996, with a memorandum in support. The corporation submitted a second memorandum in support of its motion at the hearing on September 30, 1996, and a third memorandum on October 10, 1996. Ceci Bros. filed two memoranda in opposition, one prior to the hearing, filed on September 25, 1996, and the second on October 21, 1996, in response to the corporation's third memorandum.[2]
Neither of the defendants has filed an answer. On August 13, 1996, they jointly filed a motion for an extension of time in which to plead on the ground that they had only just received notice of the court's July 29, 1996 decision granting Ceci Bros.' request to amend its complaint. Ceci Bros. objected to the motion for an extension of time. The court has not acted on this motion for an extension of time.
Also on August 13, 1996, Helmsley filed another motion to dismiss the complaint as to her. Ceci Bros. filed an objection to the motion to dismiss on August 20, 1996.
Five Twenty-One Corp. then filed a motion on August 28, 1996, for an extension of time in which to plead on the ground that the outcome of the pending motion to dismiss as to Helmsley would affect its answer. Ceci Bros. filed an objection to this second motion for an extension of time on September 4, 1996. On September 6, 1996, Five Twenty-One Corp. filed a request for argument on its motion for an extension of time. This argument was heard on September 23, 1996, in conjunction with the motion to dismiss.
At issue before this court is defendant Helmsley's motion to dismiss and defendant Five Twenty-One's motion for an extension of time.
Helmsley moves to dismiss on the ground that she was not put CT Page 6961 on notice of any claims against her when she was served with process. She argues that because the original complaint, while listing her name in the case caption, did not contain allegations against her, she had no notice of the nature of the claims against her. Ceci Bros. argues that the motion is untimely because it was not filed within 30 days from the appearance filed by her counsel on April 10, and because she had already filed a motion to strike her name from the complaint.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). Insufficiency of process and insufficiency of service of process are two grounds that may be asserted in a motion to dismiss. Practice Book § 143. "Facts showing the service of process in time, form and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179-80,554 A.2d 728 (1989). "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Town of Old Saybrook, 225 Conn. 177,185, 621 A.2d 1322 (1993).
Ceci Bros. is correct that the motion is untimely filed, though it identifies the wrong date from which to calculate the deadline. "Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Practice Book §§ 112 and 113 and within the time provided by § 142." Practice Book § 144. "A defendant may contest the personal jurisdiction of the court `even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance.'" Brunswick v. Inland WetlandsCommission, 222 Conn. 541, 551, 610 A.2d 1260 (1992), quoting Practice Book § 142.
In this case, an appearance was filed on behalf of the defendants on February 22, 1996. The defendants' first counsel withdrew from the case on April 1, 1996, and new counsel filed an appearance on April 10, 1996. The second filing of an appearance does not begin another 30-day period within which the defendant can file a motion to dismiss based on insufficiency of service of process. "If defendants were allowed to file additional CT Page 6962 appearances to start a new thirty day period for filing a motion to dismiss, this loophole would eliminate the mandatory nature of Practice Book §§ 142 and 144." U.S. International Assoc. v.Steiner, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 322359 (July 31, 1995, Tobin, J.). To be timely, a motion to dismiss must have been filed within 30 days of the initial appearance filed on February 22, 1996.
Although this should be sufficient to justify denying the motion, the fact that this is Helmsley's second attempt to have this claim dismissed after substituting counsel and after Ceci Bros. amended its complaint, further discussion is warranted.
Helmsley filed a timely motion to dismiss following the appearance of her initial counsel. This motion, decided on its merits, was denied. Helmsley asserted at that time that service of process was ineffective because the sheriff had attached the complaint to the gate. "The basic purpose of service of process is to confer jurisdiction and to give notice of the pending action. . . . Abode service is only a step removed from manual service and serves the same dual function of conferring jurisdiction and giving notice." (Citations omitted; internal quotation marks omitted.) Homart Development Co. v. Manchester,
Superior Court, judicial district of Hartford, Docket No. 550408 (Sept. 19, 1995, Aronson, J.). Judge Tobin found it reasonably probable that Helmsley had sufficient notice of the action being commenced against her. Ceci Bros. v. Five Twenty One Corp.,
Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150073 (May 21, 1996, Tobin, J.). The denial of the initial motion to dismiss is dispositive of the issue of whether this defendant had sufficient notice that an action was pending against her.[3]
Nevertheless, Helmsley now challenges the sufficiency of that notice on the grounds that it did not adequately notify her of the legal theory under which Ceci Bros. is seeking to recover from her. Such an argument is more properly brought by a request to revise. "When a pleading does not fully disclose the grounds relied thereon, our rules of practice allow the responding party to move the trial court to order a more complete statement of the claim raised in a pleading. . . . In the event that a party believes it is called upon to respond to a pleading that improperly combines two or more claims in a single count, our rules permit the filing of a timely request to revise that pleading." (Citations omitted.) Fuessenich v. DiNardo, 195 Conn. 144, CT Page 6963 148-49, 487 A.2d 514 (1985). See also Practice Book § 147. Further, following a request to revise, the appropriate vehicle to raise the legal insufficiency of a pleading is a motion to strike. Practice Book § 152.
Helmsley filed a motion to strike the original complaint on June 12, 1996, on the ground that the allegations were legally insufficient as to her. This motion was rendered moot when Judge Tobin granted the Ceci Bros.' request to amend the complaint on July 29, 1996.
The original complaint, properly served on Helmsley, contained sufficient material facts of the transaction to put her on notice of the factual allegations out of which the claim arose, and whether the allegations in the original complaint were legally sufficient as to Helmsley no longer matters because the complaint has been amended. "When an amended pleading is filed, it operates as a waiver of the original pleading. The original pleading drops out of the case and although it remains in the file, it cannot serve as the basis for any future judgment." Wilson v.Hryniewicz, 38 Conn. App. 715, 719, 663 A.2d 1073 (1995).
Helmsley's motion to dismiss is denied. She was properly served with the original complaint. A subsequent amendment of the complaint "does not infect the validity of the original service of process." Mercieri v. Zoning Board of Appeals, Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 444620 (March 11, 1996, Rubinow, J.).
The defendant Five Twenty-One Corp. filed a motion for an extension of time in which to close the pleadings. It argues that the pending motion to dismiss as to Helmsley will affect how it will frame its answer and that newly appointed counsel has not yet had an opportunity to meet with the defendants and learn the factual history of the case.
Ceci Bros. argues that the defendants have had sufficient time to prepare a response to this complaint and that they are merely attempting to delay the closing of the pleadings.
Since the motion to dismiss will be decided at this time, there should be no reason for further delay. The court denies the motion for an extension of time.
WILLIAM F. HICKEY, JUDGE CT Page 6964