[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED MARCH 14, 1997
This is a petition for a new trial brought pursuant to C.G.S. § 52-270. The procedural and factual background is undisputed and arises out of an earlier trial, William H. Wilson d/b/a W.H.Wilson Co. v. Paul Hryniewicz et al. After judgment entered for the plaintiff in that matter after trial, an appeal was taken to the Appellate Court, which affirmed the decision of the trial court, Wilson v. Hryniewicz, 38 Conn. App. 715 (1995). The petitioner in this action, Paul Hryniewicz, was the defendant in the prior trial. William Wilson, the plaintiff in the earlier proceeding, is the defendant in this action. Before the court is Wilson's motion for summary judgment. The Appellate Court thoroughly described the relevant facts giving rise to these proceedings:
[The] action [arose] out of a dispute between the CT Page 2657 plaintiff, a developer, and the defendants, a private utility in the town of Suffield, and one of its employees. The plaintiff, who was developing a subdivision in Suffield, had an agreement with the defendants wherein West Service Corporation would supply the subdivision site with water. The defendants delayed providing water to the plaintiff's subdivision for several years. An action was initiated to resolve the question of liability and the amount of damages allegedly resulting from the delay.
 The original complaint included three counts: the first stating a claim pursuant to 42 U.S.C. § 1983; the second stating a claim for tortious interference with contract; the third stating a claim for vexatious litigation. The defendants filed a motion to strike the first and second counts of the original complaint. This motion was denied by the trial court and, after filing notice of intent to appeal the denial of the motion to strike, the defendant filed an answer to the original complaint. During the trial, the plaintiff amended his complaint by dropping the third count and making minor modifications in the two remaining counts. In response, the defendant filed an answer to the amended complaint. No motion to strike the amended complaint was filed.
 After the plaintiff's case had been presented, the defendants moved for a directed verdict on both counts. The trial court granted the defendants' motion for directed verdict as to count two, which alleged tortious interference with contract, but denied the motion as to count one, which alleged a claim pursuant to 42 U.S.C. § 1983. After deliberations, the jury returned a verdict in favor of the plaintiff on count one, and judgment was rendered in accordance with that verdict.
Wilson v. Hryniewicz, 38 Conn. App. 715 (1995) (footnotes omitted).
Hryniewicz's appeal claimed the trial court improperly denied his motion to strike. That motion alleged that the defendant did not act under color of state law, as required by § 42 U.S.C. § 1983. The Appellate Court did not address the merits of CT Page 2658 Hryniewicz's color of law argument, ruling instead that his failure to refile the motion to strike in response to plaintiff's amended complaint waived any claims as to the sufficiency of the complaint. In this action, the petitioner alleges that he is entitled to a new trial because trial counsel's mistaken failure to file a subsequent motion to strike deprived him of the opportunity to have the color of state law claim determined by the Appellate Court.
A petition for a new trial in Connecticut is governed by C.G.S. § 52-270 (a) which states in pertinent part:
 The superior court may grant a new trial of any action that may come before it, for mispleading, the discovery of new evidence or want of actual notice of the action to any defendant or of a reasonable opportunity to appear and defend, when a just defense in whole or part existed, or the want of actual notice to any plaintiff of the entry of a non-suit for failure to appear at trial or dismissal for failure to prosecute with reasonable diligence, or for other reasonable cause, according to the usual rules in such cases.
The standards governing a petition for a new trial are well-established. The decision to grant a new trial is within the discretion of the trial court. State v. Grimes, 154 Conn. 314,325 (1966). The petitioner has the burden of proving by a preponderance of the evidence that a new trial should be granted,Bleidner v. Searles, 19 Conn. App. 76 (1989). A petition for a new trial is equitable in nature, Black v. Universal C.I.T CreditCorporation, 150 Conn. 188, 192 (1962), and "applies only when no other remedy is adequate and when in equity and good conscience relief against a judgment should be granted." State v. Grimes,supra, 325. A new trial should not be granted except upon substantial grounds and unless it is the only remedy for an error or injustice, Black v. Universal C.I.T. Credit Corporation,supra, 194, (citing Wojculewicz v. State, 142 Conn. 676 (1955). "A petition for a new trial does not furnish a substitute for, or an alternative to, an ordinary appeal." State v. Grimes, supra,
325. "In considering a petition, trial judges must give first consideration to the proposition that there must be an end to litigation." Krooner v. State, 137 Conn. 58, 68 (1950). Moreover, a new trial will not be granted where there is no harm suffered by the claimed irregularity. Wood v. Holah, 80 Conn. 314 (1907). CT Page 2659
 Although General Statutes 52-270 permits the court to grant a new trial upon proof of "reasonable cause," the circumstances in which reasonable cause may be found are limited. Wetzel v. Thorne, 202 Conn. 561, 565 (1987). `The basic test of `reasonable cause' is whether a litigant, despite the exercise of due diligence, has been deprived of a fair opportunity to be heard on appeal . . . `A new trial may be granted "to prevent injustice in cases where the usual remedy by appeal does not lie or where, if there is an adequate remedy by appeal, the party has been prevented from pursuing it by fraud, accident or mistake." Krooner v. State [supra, 60]. Absent such special circumstances, "[a] petition for a new trial does not furnish a substitute for, or an alternative to, an ordinary appeal . . ." Wetzel v. Thorne, supra, 565.' "(Citations omitted), Rizzo v. Pack, 15 Conn. App. 312, 317-318 (1988).
Bleidner v. Searles, 19 Conn. App. 76, 78-9 (1989) (emphasis supplied).
As previously noted, petitioner claims that his mistaken failure to refile the motion to strike in response to plaintiff's amended complaint prevented the merits of his color of state law argument from being heard on appeal. He argues that this mistake warrants a new trial. This court disagrees. The mistake asserted by the plaintiff is not the type of mistake that is the basis for granting a new trial. It is well established that the filing of an amended complaint supersedes an original complaint, and in effect causes the original complaint to be voluntarily withdrawn.Wesley v. DeFonce Contracting Corp., 153 Conn. 400, 404 (1956). The consequence of this rule is that a new motion to strike must be filed to challenge the legal sufficiency of an amended complaint. As the Appellate Court noted in its decision:
 Although pleadings cannot generally be filed out of order; Sabino v. Ruffolo, 19 Conn. App. 402, 404-05, 562 A.2d 1134 (1989); a party may amend a previously filed pleading. See Practice Book Section 176. When an amended pleading is filed, it operates as a waiver of the original pleading. The original pleading drops out of the case and although it remains in the file, it cannot serve as the basis for CT Page 2660 any future judgment, and previous rulings on the original pleading cannot be made the subject of appeal. See Wesley v. DeFonce Contracting Corp., 153 Conn. 404-405; Lakitsch v. Brand, 99 Conn. 389.
 The defendants could have filed a timely motion to strike the amended complaint. They failed to do so, and instead filed an amended answer. By operation of Practice Book Section 113, the filing of the answer to the amended complaint acts as a waiver of the right to file a motion to strike the amended complaint.
Wilson v. Hryniewicz et al, 38 Conn. App. 715.
It is clear from the Appellate Court decision that the petitioner in this action was required to file in the trial court a subsequent motion to strike in order to properly challenge and preserve his claim that he did not act under color of state law as required by 42 U.S.C. § 1983. The failure to file a motion to strike required by the then-existing rules of practice does not warrant a new trial. To hold otherwise would require that new trials be routinely granted on the grounds of procedural defaults arising out of the failure to comply with well established rules of pleading.
Furthermore, even if the petitioner's failure to refile the motion to strike was the type of mistake that could result in a new trial, he has failed to demonstrate the likelihood that a new trial would yield a different result. The petitioner's central claim is that he was not acting under color of state law and, therefore, not subject to § 42 U.S.C. § 1983. This claim, however, was asserted, considered and rejected at both the appellate and trial levels. Both Judge Allen (with respect to the motion to strike) and Judge Jackaway (with respect to the motions for directed verdict and to set aside the judgment) considered and rejected the plaintiff's argument that he did not act under color of state law. On appeal, Judge Lavery, in his concurring opinion, addressed this precise issue and determined that a jury could have found the defendants acted under color of state law, citing Jackson v. Metropolitan Edison, 419 U.S. 345, Lugar v.Edmondson, 457 U.S. 922, and West v. Atkins, 487 U.S. 42. The rulings of Judges Allen, Jackaway and Lavery strongly suggest that even if a new trial is granted, there is no basis for CT Page 2661 concluding that the outcome of the color of state law issue would be any different. Under these circumstances, the petitioner has not demonstrated that he suffered any harm as a result of his mistake; Wood v. Holah, supra.
Accordingly, because there are no material facts in dispute and the defendant is entitled to judgment as a matter of law;Telesco v. Telesco, 197 Conn. 715 (1982); the defendant's motion for summary judgment is granted.
HOLZBERG, J.