[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Joseph S. D'Amico, by way of a single count complaint filed on October 12, 1996, brought a civil rights action pursuant to 42 U.S.C. § 1983, against Debra L. Johnson, both individually and in her official capacity as the CT Page 13052 Commissioner of Public Health. The plaintiff, who had previously been convicted of a serious felony, filed an application with the Department of Public Health in February of 1996 for a license to practice as a clinical social worker. The plaintiff alleges that the application was denied by letter dated April 29, 1996, which stated "the Department is willing to further consider your eligibility for licensure in accordance with a Prelicensure Consent Order [which would] require that you undergo a psychiatric evaluation. . . ." The plaintiff claims that the conditions in the April 29, 1996 letter were not authorized by law and seeks temporary and permanent injunctive relief, compensatory and punitive damages, attorney's fees and costs for the alleged deprivation of "his rights to equal protection of the laws and due process of law, all guaranteed by theFourteenth Amendment to the United States Constitution."
Defendants moved to strike the complaint on January 12, 1997, contending that the complaint is legally insufficient, because issuing the license pursuant to a consent order was authorized of by General Statutes § 19a-14 (b) (6) as amended by Public Acts 1996, No. 96-47, § 1. Defendants further claim that the plaintiff has failed "to allege any facts with enough specificity to state a legitimate [equal protection and substantive due process] claim . . . and failed to plead any facts to overcome the defense of qualified immunity as to the claim against Debra L. Johnson in her personal capacity."
42 U.S.C.A. § 1983 (West 1994) provides in pertinent part:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
The elements of a claim under 42 U.S.C. § 1983 are (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by CT Page 13053 the Constitution or laws of the United States. Walker v. NewMilford, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 062598 (Apr. 18, 1995, Pickett, J.), aff'd, 41 Conn. App. 915 (1996), quoting Parratt v. Taylor,451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). See alsoWilson v. Hryniewicz, 38 Conn. App. 715, 719-20, cert. denied,235 Conn. 918 (1995).
Public Acts 1996, No. 96-47, § 1, which became effective on October 1, 1996, amending General Statutes § 19a-14 (b) (6) (B), granted the Department of Public Health the power to "issue a license pursuant to a consent order containing conditions that must be met by the applicant . . . ." On April 29, 1996, however, the date the application in the present case was allegedly denied, no language regarding consent orders was present.
The parties dispute whether this is a clarifying amendment which should be applied retroactively or an amendment which should be applied prospectively, and whether this issue is decided by Edelstein v. Department of Public Health AddictionServices, 240 Conn. 658 (1997). Because we conclude that the plaintiff's complaint fails to state a due process or equal protection claim for which relief can be granted under42 U.S.C. § 1983, it is not necessary to decide the issue of whether the amendment is clarifying or prospective in nature.
— II —
On April 29, 1996, General Statutes (Rev. to 1995) §19a-14 (b) (6) (B) granted the Department of Public Health the power to "[d]etermine the eligibility of all applicants for . . . licensor . . . [and to] deny the eligibility of an applicant . . . if the department determines that the applicant . . . [h]as been found guilty or convicted . . . a felony. . . ." Moreover, the Department also had the power to: "Conduct any necessary review, inspection or investigation regarding qualifications of applicants for licenses [and] . . . [i]n connection with any investigation, the Commissioner of Public Health or said commissioner's authorized agent may administer oaths, issue subpoenas, compel testimony and order the production of books, records and documents." (Emphasis added.) General Statutes § 19a-14 (b) (10).
The plaintiff contends that the denial of his application for CT Page 13054 a license to become a licensed clinical social worker together with the request for his psychiatric examination violated his equal protection rights. But plaintiff has made no allegation of discriminatory purpose or conduct. The complaint merely states that the defendants' conduct "has deprived [him] of his rights to equal protection of the laws . . . guaranteed by theFourteenth Amendment to the United States Constitution." This is wholly insufficient to state an equal protection claim, absent the essential allegation that others were treated differently. YaleAuto Parts, Inc. v. Johnson, 758 F.2d 54, 61 (2d Cir. 1985). The plaintiff has failed to state an equal protection claim for which relief can be granted.
— III —
The plaintiff also claims that the attempt to condition the granting of the license on a consent order violated his due process rights. The complaint does not make it clear whether this is alleged to be a violation of his procedural or substantive due process rights. In his brief, however, the plaintiff alleges that "the requirement that [he] submit to a psychiatric examination . . . as a condition of even being considered for licensor . . . constitute[d] a violation of the constitutionally-protected privacy rights of applicants for or holders of public positions."
The requirements of procedural due process are applicable only where a state deprives a person of a constitutionally protected property or liberty interest. Karan v. Adams,807 F. Sup. 900, 908 (D.Conn. 1992). According to that decision the standard for determining whether a person has a property interest, which was set forth in RRI Realty Corp. v. Southampton,870 F.2d 911 (2d Cir.), cert. denied, 493 U.S. 893 (1989), focuses on "the degree of discretion that the Department has in making licensure decisions." Karan v. Adams, supra, 807 F. Sup. 910.
If it is determined that a property or other protected interest exists, the United States Supreme Court has analyzed claims of procedural due process in accordance with the three part test set forth in Mathews v. Eldridge, 424 U.S. 319, 334-35
(1976). Our Supreme Court has applied the same test. Sassone v.LePore, 226 Conn. 773, 781, 629 A.2d 357 (1993). Giordano v.Giordano, 39 Conn. App. 183, 194 (1995).
In license cases, it has been the usual practice for CT Page 13055 plaintiffs to bring § 1983 procedural due process actions claiming deprivation of a property right rather than a privacy right. See, e.g., Charry v. Hall, 709 F.2d 139 (2nd Cir. 1983);Karan v. Adams, 807 F. Sup. 900 (D.Conn. 1992). In Charry andKaran, the threshold issue was whether the plaintiffs had a property interest in sitting for psychologist licensing examinations. Both plaintiffs were denied the right to sit for the licensing examinations, because they allegedly failed to receive doctoral degrees from accredited institutions based on a program of studies whose content was primarily psychological. See General Statutes § 20-188 which discusses minimum educational qualifications for granting a license to a psychologist. Both courts held that the discretion of the licensing agencies in allowing persons to sit for examinations was minimal, and thus, the plaintiffs had a property interest in sitting for the licensing examinations. Karan v. Adams, supra, 807 F. Sup. 911
(discussing Charry v. Hall, supra, 709 F.2d 144). Accordingly, both courts then moved to the next step in the analysis, the three part test set forth in Mathews v. Eldridge, supra,424 U.S. 334-35.
The present case is distinguishable from Karan and Charry. Before becoming licensed as a clinical social worker or a psychologist, a candidate must receive a degree from an accredited institution as well as sit for and pass an examination. See General Statutes § 20-195n (clinical social worker); General Statutes § 20-188 (psychologist). In addition, the applicant must demonstrate to the licensing agency that he or she is fit to practice. Karan and Charry centered on whether the degrees received by the candidates satisfied the conditions required to sit for the examinations. By contrast, the present case focuses on the moral and ethical character of the applicant. Pursuant to General Statutes § 19a-14 (b) (6) (B), the defendants in the present case clearly had the discretion to deny the license as a result of the plaintiff's felony conviction, and thus, the plaintiff was not entitled to the license.
Because the plaintiff was not entitled to the license, he had no property or other protected due process interest. Accordingly, there is no need to analyze the claim of procedural due process in accordance with the three part test set forth in Mathews v.Eldridge, supra, 424 U.S. 334-35.
— IV — CT Page 13056
The plaintiff's complaint alleges that the "conditions set forth by the defendants [conditioning the granting of a license pursuant to a consent order requiring certain psychiatric exams] are not authorized by law." Even if the defendants' actions were not authorized by law, "a regulatory board does not transgress constitutional due process requirements merely by . . . making demands which arguably exceed its authority under the relevant state statutes." Walker v. New Milford, Superior Court Judicial District at Litchfield, Docket No. 062598 (April 18, 1995, Pickett J.) aff'd 41 Conn. App. 915 (1996).
In that case Judge Pickett wrote:
 The doctrine of substantive due process does not protect individuals from all [governmental] actions that infringe liberty or injure property in violation of some law. Rather, substantive due process prevents government power from being used for purposes of oppression, or abuse of government power that shocks the conscience, or action that is legally irrational in that it is not sufficiently keyed to any legitimate state interests. . . . The Federal courts have held that a regulatory board does not transgress constitutional due process requirements merely by making decisions for erroneous reasons or by making demands which arguably exceed its authority under the relevant state statutes. . . . [B]efore a constitutional infringement occurs, state action must in and of itself be egregiously unacceptable, outrageous, or conscience-shocking.
Defendants' action in requiring a psychiatric examination from a would-be clinical social worker with a serious felony conviction is not so egregiously unacceptable, outrageous or conscience-shocking, as to rise to the level required to state a substantive due process claim under Sec. 1983.
Since the plaintiff's complaint fails to state a due process or equal protection claim for which relief can be granted under42 U.S.C. § 1983, defendants' motion to strike is granted.
Accordingly there appears to be no reason to address the defense of qualified immunity for "Debra L. Johnson in her personal capacity" raised by the defendants. CT Page 13057
Jerry Wagner Judge Trial Referee