[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (MOTION TO STRIKE)
The plaintiff has moved to strike the three special defenses filed by the defendants, arguing that each of the three special defenses assert legal conclusions without any supporting facts. The plaintiff relies upon Connecticut Practice Book § 10-1 requiring each pleading to set forth "a plain and concise statement of the material facts on which the pleader relies."
The plaintiff has previously replied to the defendants' Special Defenses, and although a pleading must be filed in the order set forth in Connecticut Practice Book § 10-6, the plaintiff argues that the court has the discretion to allow pleadings to be filed out of order. CT Page 11009
The defendants, in objecting to the motion to strike, argue that the plaintiff has waived her right to file a motion to strike the Special Defenses, by virtue of the plaintiff's filing responses to these Special Defenses six months prior to filing the subject motion to strike.
Additionally, the defendants argue that should the court allow the filing of the motion to strike, the defendants have adequately pleaded their Special Defenses, and that said Special Defenses are supported by the facts alleged in the Complaint.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). A motion to strike shall be granted if "the plaintiff's complaint [does not] sufficiently [state] a cognizable cause of action as a matter of law." Mora v. Aetna Life and Casualty Ins. Co.,13 Conn. App. 208, 211, 535 A.2d 390 (1988).
A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings" (Emphasis omitted.) Id. "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Id.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988). A motion to strike "is to be tested by the allegations of the pleading demurred to, which cannot be enlarged by the assumption of any fact not therein alleged." (Internal quotation marks and citations omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541-50, 427 A.2d 822 (1980).
Upon deciding a motion to strike, the trial court must construe the "plaintiff's complaint in [a] manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09,491 A.2d 368 (1985).
Connecticut Practice Book § 10-6 sets forth the order in which various pleadings must be filed. Filing a pleading listed in Connecticut Practice Book § 10-6 waives the right to file any preceding enumerated pleadings. Connecticut Practice Book § 10-7 states: CT Page 11010
 "In all cases, when the judicial authority does not otherwise order the filing of any pleading provided for by the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section."
Accordingly, filing an answer waives a party's right to file a motion addressed to the pleadings. Wilson v. Hyrniewicz, 38 Conn. App. 715,cert. denied, 235 Conn. 918 (1995). If a party wishes to file a pleading out of order, they must seek the court's permission before doing so.Phaneuf v. Commissioner of Motor Vehicles, 166 Conn. 449, 451 (1974);King v. Cummings and Lockwood, 18 Conn.L.Rptr. No. 16, 559, 560 (March31, 1997).
The plaintiff filed her reply to the defendants' Special Defenses on or about October 25, 1999. At the same time, the plaintiff filed a "Certificate of Closed Pleadings." The motion to strike is dated May 1, 2000. The plaintiff argues that the court has the discretion to allow pleadings to be filed out of order and cites Sabino v. Ruffolo,19 Conn. App. 404 (1989) to support this premise. However, in this case, the plaintiff has never sought the court's permission to file the motion to strike, out of order. The opposing party in this case is objecting to the filing of the motion to strike, out of order. In addition, the motion to strike comes approximately six months after the plaintiff replied to the Special Defenses she now seeks to strike.
The court agrees with the defendants, that the plaintiff has waived her right to move to strike the defendants' Special Defenses. As this is dispositive of the motion to strike, the court needs not discuss the merits of whether or not the defendants have adequately pleaded their Special Defenses.
Accordingly, the motion to strike is hereby denied.
The Court
By Arnold, J.